LITTLEJOHN *v.* EARLE INDUSTRIES.

5-3563                                             389 S. W. 2d 898

Opinion delivered May 10, 1965

*McMath, Leatherman, Woods & Youngdahl* and *John P. Sizemore,* for appellant.

*Spears & Sloan,* for appellee.

FRANK HOLT, Associate Justice. This is a workmen's compensation case and the sole issue is whether there is any substantial evidence to support the Commission's finding that the claim was controverted to such an extent that the appellees, the employer and insurance carrier, are liable for appellant's attorney's fee. The circuit court reversed the Commission's finding that the claim was controverted and that appellees are liable for an attorney fee. The claimant has appealed.

It is appellant's contention there is substantial evidence to support the Commission's finding that the claim

was controverted and, therefore, the attorney's fee should be paid by the appellees. We agree.

It is well settled that we do not upset the findings of the Commission unless there is no substantial evidence to support them. *Potlatch Forest Inc.* v. *Smith,* 237 Ark. 468, 374 S. W. 2d 166. In *Hughes* v. *Tapley, Admx.,* 206 Ark. 739, 177 S. W. 2d 429, we said: "The rule is also well settled that in testing the sufficiency of the evidence before the Commission, the circuit court, on appeal from the Commission, and this court, on appeal from the circuit court, must weigh the testimony in its strongest light, in favor of the Commission's findings." See, also, *Fagan Electric Co.* v. *Green,* 228 Ark. 477, 308 S. W. 2d 810. With these rules in mind we review some of the evidence pertinent to the appellant's point that the claim was controverted.

The appellant was injured on June 18, 1963. His attorney properly filed his claim with the Commission shortly thereafter. The appellees then requested a thirty-day extension before stating their position on controverting the claim. Over appellant's objection, a ten-day extension was granted. On September 23, 1963 the appellees stated they "neither admitted nor denied that the claimant was entitled to compensation". The appellees later offered to pay compensation to the claimant on the basis of 10% disability conditioned upon an order of final discharge by the Commission since the claim appeared "suspicious". The appellant responded by asserting the evaluation of permanent disability was premature since appellant maintained that he was unable to return to work on October 6, 1963 despite his own medical reports. The claimant steadfastly protested that he had not fully recovered from his back injury and an operation on August 24th to correct this injury.

A hearing was held before the referee in February 1964. The claimant continued to contend that his healing period had not ended. The appellees stated that they were not controverting the appellant's right to compensation or payment of his medical expenses. However, due to the conflicting reports from appellant's various

doctors, the appellees maintained that they were unable to determine exactly what was owed appellant. The appellees stated they were ready to pay any compensation due appellant upon a definitive adjudication. In other words, the appellees said they were ready to make payment when the extent of their liability was determined. The referee found that the claim for compensation had not been controverted and, therefore, appellees were not liable for an attorney fee. He did find, however, that the healing period had ended on December 10, 1963 instead of October 5th and, further, that the appellant's permanent disability amounted to 15% instead of 10%.

The appellant then appealed to the full Commission where additional correspondence and medical reports were considered and made a part of the record. On September 18, 1964 the Commission found, among other things, that the healing period had not ended [appellant had another operation on his back in May 1964]; that the question of permanent disability be held in abeyance; that appellant's claim for compensation beyond December 10, 1963 had been controverted and directed the appellees to pay appellant's attorney the maximum attorney fee based upon compensation due claimant for temporary total disability. The appellees then appealed to the circuit court and it reversed that part of the Commission's finding that the claim for compensation was controverted and the award of an attorney's fee. Appellant has paid all medical expenses.

When we weigh the evidence in the light most favorable to the Commission's findings, we cannot say the evidence was not sufficiently substantial to support the Commission's finding that the claim was controverted.

Despite appellant's own medical reports, he persisted in maintaining that he was physically unable to work because of his injury. Regardless of the conflicting and confusing medical evidence in behalf of appellant, his claim of inability to work was corroborated by the fact it was necessary for him to have an operation on his back in August 1963, May 1964, and November 1964 in order to correct his admitted injury. It must be said

that an adjudication of appellant's contention became necessary before appellees could know the extent of their liability.

Our Workmen's Compensation Commission has authority to assess attorneys' fees whenever the Commission finds the claim has been controverted in whole or in part. Ark. Stat. Ann. §81-1332 (Repl. 1960). Thus, our legislature has entrusted to the Commission the right to determine the necessity of a claimant to secure the services of an attorney in order to preserve his benefits. We have indicated that on appeal this court will not interfere with the Commission's determination on the issue of attorneys' fees unless there is an abuse of discretion. *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600; *Brown* v. *W. H. Patterson Construction Co.,* 235 Ark. 433, 361 S. W. 2d 13 and *Ragon* v. *Great American Indemnity Co.,* 224 Ark. 387, 273 S. W. 2d 524. Generally, the courts do not question the discretionary power of a commission in the matter of an attorney's fee unless the determination is "clearly wrong", 10 Schneider, Workmen's Compensation Text 381 (3rd Ed. 1953), or unless there is a "gross abuse" of discretion, 2 Larson, Workmen's Compensation Laws 349 (1961).

In the case at bar we are of the view that the Commission did not abuse its discretion and, further, there was substantial evidence to sustain the Commission's finding and award of an attorney's fee. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.