Eddie McNeely *v.* Clem Mill & Gin Co. et al

5-4007                                          409 S. W. 2d 502

Opinion delivered November 28, 1966

[As amended on denial of petition for rehearing January 16, 1967.]

*Tom Gentry,* for appellant.

*Riddick Riffel,* for appellee.

George Rose Smith, Justice. This is a workmen's compensation case. The principal question is whether an employee who suffers a scheduled injury which proves to be totally and permanently disabling is entitled only to the restricted compensation specified for the scheduled injury or to the greater benefits provided for total and permanent disability. The commission took the more liberal view, but its award was set aside by the circuit court. We agree with the commission.

The claimant, at the time of his injury in 1961, was a 50-year-old manual laborer, unable to read or write. His accident resulted in the total loss of the use of his right leg below the knee. That is a scheduled injury, for which he received compensation for the full statutory period of 125 weeks. Ark. Stat. Ann. § 81-1313 (c) (4) and (21) (Repl. 1960). When the present claim for additional benefits was heard the claimant could walk only with the aid of crutches and a leg brace. The commission found, upon proof that we consider to be substantial, that McNeely was totally disabled. Upon that finding the commission ordered that the payment of compensation be continued.

In our opinion the commission gave effect to the legislative intent. The statute defines disability as the incapacity to earn, in the same or any other employment, the wages which the employee was receiving at the time of his injury. Section 81-1302 (e). With respect to total disability the act provides: "Loss of both hands, or both arms, or both legs, or both eyes, or of any two thereof shall, in the absence of clear and convincing proof to the contrary, constitute permanent total disability. *In all other cases,* permanent total disability shall be determined in accordance with the facts." (Our italics.) Section 81-1313 (a). If the statute means what it says, the present case is one in which the question of permanent total disability is to be determined as an issue of fact.

We are convinced, as the appellant contends, that the benefits for scheduled injuries are meant to provide minimum compensation for those injuries rather than complete compensation when, as here, the workman is totally disabled. Indeed, it is demonstrably apparent that in many instances the benefits for scheduled injuries may have little or no relation to the claimant's period of disability. For example, the award for the loss of hearing in one ear is compensation for 40 weeks, but that injury would hardly ever be disabling. Again, the award for the loss of one hand is compensation for 150 weeks, de-

spite the fact that such an injury might be totally disabling to a musician, a surgeon, or a watchmaker, and not at all disabling to a lawyer, a stock broker, or an educator.

Elsewhere the cases are not in harmony. Larson discusses the authorities in Section 58.20 of his treatise on Workmen's Compensation (1961). He points out that in the great majority of modern decisions the benefits for a scheduled injury are not held to be exclusive if the injury affects some other part of the body, resulting in total disability. Larson then goes on to criticize the distinction made by some courts in reaching a contrary result when the scheduled injury has no such side effects, even though it is totally disabling. We agree with his analysis of the problem now before us:

"The usual statute provides for both total disability and specific loss of a leg, without expressly saying that either shall be exclusive. It could therefore be argued that, since the act must be given a liberal construction, destruction of the more favorable remedy should not be read into the act by implication in a case where claimant is able to prove a case coming under either heading. Loss of a leg may or may not cause total disability as defined in the preceding section. To refuse total disability benefits in such a case, when total disability is otherwise established to the satisfaction of the usual tests, has the effect of ruling out the inability-to-get-work element in a listed group of injuries which just happen to take the form of a neatly classifiable loss of a member. It has already been shown that the inability-to-get-work factor is an indispensable ingredient in the concept of total disability. If this is so, it is difficult to see why this factor is relevant in case of loss of a lung but not in case of loss of a leg. Logically, there is no reason to make the distinction turn on physical extension of the effects beyond the lost member." *Id.* Cases that have adopted Larson's view include *Van Dorpel* v. *Haven-Busch Co.,* 350 Mich. 135, 85 N. W. 2d 97 (1957), overruling an earlier case to the contrary; *Gonzales* v. *Gackle Drilling Co.,*

70 N. M. 131, 371 P. 2d 605 (1962); and *Johnson* v. *Anderson*, 188 Tenn. 194, 217 S. W. 2d 939 (1949).

The appellees complain of the fact that the commission, in finding this claimant's disability to be total, failed to find that it was also permanent. Instead the commission said that the duration of the disability is not determinable at this time. Inasmuch as there was substantial evidence that might have sustained a finding of permanency—a fact issue upon which we express no opinion—we fail to see how appellees are hurt by the commission's deferment of this question until the exact extent of the disability might become clearer.

Reversed.

COBB, J., disqualified.