UNITED STATES FIDELITY AND
GUARANTY COMPANY *v.* David J. POTTER,
Attorney for Emma J. YOUNG

77-418                                                    567 S.W. 2d 104

Opinion delivered June 19, 1978
(In Banc)

*Tompkins, McKenzie, McRae & Vasser,* for appellant.

*David J. Potter,* of *Potter & Potter,* for appellee.

Conley Byrd, Justice. Appellee David J. Potter, attorney for Emma J. Young was awarded the maximum attorney's fee on the worker's compensation total disability claim of Emma J. Young. Emma J. Young is being paid weekly benefits of $43.68 for the remainder of her life. This litigation ensued when appellee filed a petition requesting that the remaining portion of his fee be paid in a lump sum equal to ten percent of all compensation to be paid to Emma J. Young for the rest of her life as determined under applicable mortality tables. Notwithstanding, the medical proof showing that Emma J. Young, because of the nature of her injuries, was not expected to live a normal life span for a

woman of 53 years, the Commission using the standard mortality table ordered appellant United States Fidelity and Guaranty Company to pay a lump sum attorney's fee in the amount of $2,898.96. The circuit court affirmed. Appellant appeals raising the sole issue of whether appellee is lawfully entitled to be paid a lump sum attorney's fee when the claimant is being paid her compensation periodically in compliance with the provisions of the workers' compensation law.

To sustain the action of the Commission, appellee relies upon Ark. Stat. Ann. § 81-1332 (Repl. 1976) and Ark. Stat. Ann. § 81-1319(k) (Repl. 1976). The first statute § 81-1332, *supra,* provides that ". . . the Commission shall direct that fee [fees] for legal services be paid by the employer or carrier in addition to compensation awarded, and such fee [fees] shall be allowed only on the amount of compensation controverted and awarded. . .  ." Section 81-1319(k), *supra,* merely provides for lump sum settlements "Whenever the Commission determines that it is for the best interest of the parties entitled to compensation. . . ."

In the case of Emma J. Young, the only compensation awarded is weekly benefits, consequently, it follows that the Commission had no statutory authority to direct that an attorney's fee be paid on the basis of a lump sum award. Since the award and assessment of an attorney's fee against the employer or carrier is purely statutory, we must hold that the Commission erred in awarding a lump sum fee.

Reversed and remanded.

HICKMAN and HOWARD, JJ., dissent.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent from the holding of the majority in this case for the following reasons:

The Arkansas Workmen's Compensation Commission, in the exercise of its discretion and wisdom, has issued an order directing the payment of the fees due claimant's attorney in a lump sum rather than being paid over a long

period of time on a piecemeal basis.[1] The amount of the attorney's fee involved in this action is $2,898.96. However, under the holding of the majority, the attorney is required to receive his fee at the rate of $4.37 weekly until such time as he has received the fee allowed under the law, providing the claimant does not die before her attorney receives the fee awarded. [2]

The majority asserts that the Commission had no statutory authority to direct that the fee be paid on the basis of a lump sum award. However, I submit that Ark. Stat. Ann. § 81-1332 (Repl. 1976) which reads in material part as follows supports the Commission's action:

> "Whenever the Commission finds that a claim has been controverted, in whole or in part, the Commission shall direct that fee [fees] for legal services be paid by the employer or carrier in addition to compensation awarded, and such fee [fees] shall be allowed only on the amount of compensation controverted and awarded. Whenever the Commission finds the claim has not been controverted but further finds that bona fide legal services have been rendered in respect to the claim, then the Commission shall direct the payment of such fees out of the compensation awarded. . . . In determining the amount of fees, the Commission shall take into consideration the nature, length and complexity of the services performed, and the benefits resulting therefrom to the compensation beneficiaries."

In *Littlejohn v. Earle Industries*, 239 Ark. 439, 389 S.W. 2d 898, we said, in recognizing the discretion afforded the Com-

---

[1]The following are cases where the Commission has awarded a lump fee to attorneys involving permanent and total disability claims, based upon the claimant's life expectancy: *Vernon P. King v. Ark. State Highway Dept.*, W.C.C. Vol. 407, page 066; *Bobbie Grimes, Employee and Claimant v. Ed White, Jr. Shoe Company, Employer, and Hartford Insurance Company, Insurance Carrier, Respondent*, Claim No. W.C.C. 32900.

[2]It was stipulated that the claimant who is 53 years of age has a life expectancy of 21 years, but her doctor, in giving his professional opinion, could not state with any reasonable certainty that she will live 21 years from now because of a chronic condition.

mission under the Workmen's Compensation Law in dealing with an attorney's fee:

> "Our Workmen's Compensation Commission has authority to assess attorneys' fees whenever the Commission finds the claim has been controverted in whole or in part. . . . Thus, our legislature has entrusted to the Commission the right to determine the necessity of a claimant to secure the services of an attorney in order to preserve his benefits. We have indicated that on appeal this court will not interfere with the Commission's determination on the issue of attorneys' fees unless there is an abuse of discretion. . . . *Generally, the courts do not question the discretionary power of a commission in the matter of an attorney's fee unless the determination is 'clearly wrong', . . . or unless there is a 'gross abuse' . . .*" (Emphasis added)

In *Hillman* v. *O'Hearne,* 129 F. Supp. 217 (D. Md. 1955), the Court made the following applicable and pertinent observation:

> "[F]ees in compensation cases should not be fixed by reference to an arbitrary percentage applicable to all or most cases. The extent and character of the legal work, the amount involved, the intricacy and novelty of the issues, and the results obtained must all be considered.

> "Some authorities also include as elements for consideration in fixing the fees the circumstances of the claimant and the standing of counsel. The latter element has less application in compensation cases than in other fields. As to the former, the circumstances of the claimant are almost always needy, and should moderate the demands of counsel, but should not be so emphasized by those approving the fees as to drive competent counsel out of the field. In some compensation cases the issue of liability is bitterly contested and the collection of any fee is necessarily contingent upon success; in other cases, the only question is how much compensation will be awarded, some fee is sure to be allowed and to make a

lien upon the award, and that factor should be considered in fixing the fee."

It is my conviction that not only should the Commission be sustained, but the Commission should be commended for taking such an objective and forthright step in dealing with a problem that has concerned many persons in the legal profession over the years. It is apparent that many capable and qualified attorneys may be reluctant to represent a claimant in Workmen's Compensation cases when one realizes that the fee that he is to receive is to be parceled out over a long period of time at a nominal sum, as in the instant case at the rate of $4.37 per week. At a time when there is great and universal concern in our nation about making legal services available to many citizens who have been denied legal representation in the past, for one reason or another, the posture taken by the Commission is one step in the direction of coming to grips with this problem.

I can fully appreciate the posture of the Commission and, indeed, the law in favoring the payment of benefits to a claimant or his dependents on a periodic basis inasmuch as the purpose of Workmen's Compensation Coverage has a social purpose in view. It is well recognized that the primary purpose of Workmen's Compensation Coverage is to provide for employees or their dependents economic aid where employees have suffered injuries or death in connection with their employment. Thus, lump sum awards could, in all probability, defeat the objective of the coverage and add another statistic to the welfare rolls. But in the case of an attorney who has given his time, advice and expertise in the representation of a claimant to be required to receive his fee in the fashion directed by the majority is an imposition rather than a benefit. Moreover, it is unlikely, in the event the attorney should misuse his award, or fails to use it for the essentials of life, that the attorney would become a recipient of welfare.

In response to the argument that an attorney who receives a lump sum award, and his client-claimant should die before the benefits due the claimant have been fully paid, the attorney stands to reap a windfall, I submit the following

from an opinion rendered by the Commission in the case of *Rankin v. Campbell,* (WCC Opinion September 7, 1967):

> "The award to the claimant was the result of the diligent effort and services of the attorney and we do not believe that his fee was contingent upon the claimant's drawing the entire award . . . The only reason shown by the record for the claimant not receiving his compensation was his untimely death. It is true that the compensation terminated and relieved respondents of further liability to the claimant at the time of his death; but the attorney had rendered his services in securing the award. Such services entitle claimant's attorney to a fee as awarded and such entitlement is unaffected by the claimant's untimely death. . . . "

I would affirm the Commission.

I am authorized to state that HICKMAN, J., joins in this dissent.