Judy RYAN v. NAPA, GENUINE PARTS CO., and SENTRY INSURANCE COMPANY, Insurance Carrier

CA 79-47                                    586 S.W. 2d 6

Opinion delivered August 22, 1979
and released for publication September 12, 1979

*Dewey Moore, Jr.,* for appellant.

*Donald P. Callaway,* of *Bethell, Callaway and Robertson,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This appeal is from a judgment of the Pulaski County Circuit Court affirming a decision of the Workers' Compensation Commission, and was transferred to the Court of Appeals by the Arkansas Supreme Court pursuant to Rule 29(3).

The Administrative Law Judge heard the appellant's claim and made an award in favor of appellant. Upon appeal to the full Commission the decision of the Administrative Law Judge was adopted, and on appeal to the circuit court the opinion and award of the Workers' Compensation Commission was affirmed.

In this appeal appellant contends, first, that the circuit court erred in finding that appellant was not a full time employee under Arkansas Law and entitled to weekly benefits of $77.00 per week rather than the $48.00 weekly awarded; and second, that the court erred in not finding that appellee was liable for a fifteen per cent penalty for alleged safety violation under Ark. Ann. Stat. §81-1310 (d) and §81-108 (a).

On the first point of alleged error, there was testimony

on the part of the appellee that appellant was hired as a part time worker only and she was expected to work only four hours a day on five days a week, that some additional hours were available for her from time to time, but she was not required to work in excess of her normal four hours per day. The payroll record reflects that she actually generally worked twenty some odd hours per week. The appellant testified that it was her understanding that she would be available for work the full eight hours per day if necessary.

The question raised involves the application of Ark. Stat. Ann. § 81-1312 in determining the average weekly wages.

The rule is well settled that if there is substantial evidence to support the Commission's finding the decision of the Commission must be affirmed on appeal.

The case is distinguished from the case of *Gill v. Ozark Forest Products et al,* 255 Ark. 951. In that case the court found it was undisputed that the contract of hire was based on eight hours a day and five days a week whenever work was available.

Clearly there was substantial evidence to support the Commission's finding that the average weekly wages of the appellant should be computed on the basis of a normal part time work schedule of twenty hours per week, plus overtime actually worked. The trial court was correct in affirming the Commission's finding on this point.

On appellant's second and only other point for reversal, we do not find that the court erred in affirming the decision of the Commission rejecting the appellant's request for imposition of a 15% penalty under Ark. Stat. Ann. § 81-1310, which provides:

"Where clear and convincing evidence that an injury or death is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employer, compensation or death benefits provided by the Act (Workers' Compensation Act) shall be in-

creased by fifteen per cent (15%). This fifteen per cent (15%) increase shall be paid into the Second Injury Fund, less any attorney's fee attributable to it."

Appellant cites no specific safety statute or official regulation it is contended the employer violated other than Ark. Stat. Ann. §81-108, which is not a part of the Workers' Compensation Law, and which only in general terms requires every employer to furnish employment which shall be safe for the employees, furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably necessary to protect the life, health, safety and welfare of such employees.

The Commission found that the appellees are not shown to be liable under §81-1310 (d).

Before the penalty provision could be invoked it would have been necessary for appellant to have established by clear and convincing evidence that appellant's injury was caused in substantial part by the failure of the employer to comply with Arkansas Safety Statute or regulation pertaining to safety of employees.

The injury of appellant was sustained incident to a conveyor belt that extended out part way in an aisle. There is no contention that the employer was guilty of violating any statute or regulation specifically dealing with conveyor belts or aisles. Also, it is not shown that any injury had previously occurred incident to the conveyor belt.

We are unable to say that the finding of the Commission is not supported by substantial evidence. *Dednam* v. *American Machine & Foundry Co.*, 235 Ark. 962

We affirm the judgment of the court in affirming the award made by the Worker's Compensation Commission.

Penix, J., not participating.