HUNTER WASSON PULPWOOD, Employer
TRI-STATE INSURANCE COMPANY,
Insurance Carrier *v.* Arnold BANKS, Employee

CA 80-185 · 605 S.W. 2d 753

Court of Appeals of Arkansas
Opinion delivered September 24, 1980
Rehearing denied October 27, 1980

*Gene Matthews, Jr.*, for appellants.

*W. H. "Dub" Arnold*, for appellee.

MARIAN F. PENIX, Judge. The Claimant was found to be totally and permanently disabled from an injury sustained while employed as a pulpwood producer. His employer, Hunter Wesson Pulpwood and its carrier have appealed.

On March 20, 1978, the Claimant was struck on the head by a tree. Dr. Wilber Giles, neurosurgeon, performed a cervical fusion and gave the Claimant an anatomical disability rating of 20 percent to the body as a whole. The Appellants contend the Claimant is able to resume employment and have controverted any disability beyond 25 percent which they have accepted.

The medical testimony is as follows. Dr. Luck, a general practitioner, believes the Claimant is totally disabled because he is not qualified to perform work other than that of a physical laborer. Dr. Luck believes the Claimant cannot do the work of a physical laborer. Dr. Giles, neuro-surgeon, agrees with Dr. Luck about the anatomical disability of 20 percent to the body as a whole, but does believe the Claimant is able to perform numerous jobs and should return to work. Dr. McConkie, an orthopedic surgeon obtained by the Appellants, believes the Claimant is capable of returning to his regular work and also believes there is other work he can do. A mechanic testified to the Claimant's excellent reputation as an automobile mechanic but believed the Claimant was no longer able to perform such occupation. A pulpwood hauler testified as to the Claimant's good reputation as a worker but gave an opinion the work was extremely strenuous. In light of the foregoing testimony the Claimant was found to be totally and permanently disabled under the rationale of *Glass* v. *Edens.*

The Appellants moved for an Order directing the Claimant to undergo an evaluation through the Rehabilitation Service at Hot Springs. Their motion was denied. The record reflects the Claimant agreed to undertake an evaluation through Arkansas Rehabilitation Services. This was agreed to at a hearing before the Administrative Judge. The reports of the Rehabilitation counselor reveal that the Claimant declined to make an application for an evaluation.

> Mr. Banks indicated that because of his head, neck condition, problems with his hands and grip and because he is not able to stand or sit for any length of time, that he is not able to participate in any kind of training program at this time ... Mr. Banks did not make an application to the Rehabilitation Services because he felt that his medical condition would be too limiting.

The Appellants argue it was error for the Commission to fail to require the Claimant to submit to an evaluation by Arkansas Rehabilitation Services to determine what other employment the Claimant was able to do. They argue the Commission erred in finding total disability without the benefit of the Rehabilitation evaluation evidence. The Appellants acknowledge that Section 81-1310(f) of the Workers' Compensation Statute provides:

> ... The employee shall not be required to enter any program of vocational rehabilitation against his consent ...

They do, however, contend they are entitled to have the Claimant evaluated to determine what "other employment" the Claimant might be capable of doing. The Appellants argue that Ark. Stat. § 22-110 empowers all courts and administrative tribunals to issue writs and processes reasonably necessary to achieve justice in the cases before them. The appellants contend it was reasonably necessary for the Commission to have ordered the evaluation and without it there is not substantial evidence to support the finding of total disability. The Claimant is 57 years old with an 8th grade education. The record reflects he was skilled and conscientious in the work he did as an automobile mechanic and as a

pulpwood hauler. The Appellants argue that from the record emerges a man with a 20 percent anatomical rating who has demonstrated his ability to learn new skills and a capacity to perform as a dependable worker in gainful employment. The Appellants cite *Revere Copper & Brass* v. *Birdsong*, 267 Ark. 922, 593 S.W. 2d 54 (Ark. App. 1979):

> The question of permanent total diability is an issue of fact and all relevant evidence bearing upon the issue should be considered.

As in all compensation cases of this kind we must determine whether there is substantial evidence to support the finding of the Commission the Claimant is totally disabled. Was it possible for the Commission to make the finding without benefit of the rehabilitation evaluation? Was there substantial evidence to support findings that the Claimant could not qualify for any kind of employment other than that of stenuous physical labor?

The Claimant contends he did meet with the Hot Springs Rehabiltation counselor, Tommy Henson, as was agreed to at the hearing before the administrative judge. However, the Claimant contends the lack of strength in his hands, the severe pain in his neck and chest and the fact he could not sit or stand for any length of time precluded his participation in any evaluation or rehabilitation.

Dr. H. D. Luck has testified the Claimant is totally and permanently disabled. One doctor's testimony can be substantial evidence. If this testimony is conflicting with the testimony of Dr. McConkie, it is the function of the Commission to weigh the evidence and from such consideration make its findings. In *Barksdale Lumber Co.* v. *McAnally*, 262 Ark. 379, 557 S.W. 2 868 (1977) the Court said:

> Weighing the evidence fell within the province of the Commission. In doing so, it must necessarily weigh medical evidence as it does any other evidence. When medical testimony is conflicting, the resolution of the conflict is a question of fact for the Commission . . . When the Commission chooses to accept the testimony

of one physician in such cases, the courts are powerless to reverse the Commission's conclusion in this regard.

Besides Dr. Luck's medical evidence the Commission considered the Claimant's age, his education, his lack of special training, and his past work experience. From the testimony we find the Claimant has always worked at jobs which required a great deal of physical effort and every physical motion and strain to which one could subject himself. The Claimant talked of his constant pain and discomfort in his shoulders, arms and back. The witness Mr. Steele, who is an auto mechanic, gave his opinion the Claimant could not do the work required of a mechanic. The Appellants did not object to Mr. Steele's testimony. Mr. Petty, a fellow employee pulpwood cutter and hauler, testified as to the extremely hard physical labor required in such employment. He testified to the Claimant's reputation as a hard worker and his honesty and truthfulness. In addition he testified the Claimant is obviously in pain when moving, getting up and sitting down. The Claimant's wife testified she had not seen him without pain since the date of his injury.

The full Commission found the Claimant is unable to return to gainful employment. Upon reviewing the record along with the findings of the Commission, we find substantial evidence to support those findings.

Affirmed.