GEORGIA PACIFIC CORPORATION
*v.* Jessie RAY

81-93                                        619 S.W. 2d 648

Supreme Court of Arkansas
Opinion delivered July 13, 1981

344

*Langston & Moore,* by: *Dewey Moore*, for petitioner.

*Griffin, Rainwater & Draper*, and *Joe K. Bridgforth*, for respondent.

Frank Holt, Justice. This is a workers' compensation case. The commission held that the respondent-claimant could not invoke the 15% penalty for an alleged violation of a safety statute, that he was not entitled to an award for disability to the body as a whole, and that he could not hold petitioner-employer liable for additional medical expenses. The court of appeals affirmed the commission except with respect to the alleged violation of the safety statute. *Ray* v. *Georgia Pacific Corp.*, 1 Ark. App. 196, 614 S.W. 2d 676 (1981). We granted certiorari since the interpretation of certain statutes are in issue as well as the applicability of a

previous opinion of the court of appeals. *Ryan* v. *Napa et al*, 266 Ark. 802, 586 S.W. 2d 6 (1979).

Here petitioner challenges the correctness of the court of appeals' decision in which it held the commission erred in refusing to consider any evidence by respondent, as a matter of law, of a violation of Ark. Stat. Ann. § 81-108 (a) (Repl. 1979), which reads:

> Every employer shall furnish employment which shall be safe for the employees therein and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such an employment and place of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees; ...

Respondent seeks to invoke the penalty provision of Ark. Stat. Ann. § 81-1310 (d), which provides:

> Where established by clear and convincing evidence that an injury or death is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees, compensation or death benefits provided for by this Act shall be increased by fifteen percent (15%). This fifteen percent (15%) increase shall be paid into the Second Injury Fund, less any attorney's fee attributable to it.

The administrative law judge, in declining to hear the claimant's evidence on the asserted safety violation, dismissed the claim. The commission affirmed. The court of appeals disagreed and reversed and remanded on this issue.

Petitioner-employer contends that § 81-108 (a) is not part of the Workers' Compensation Law and is merely a general recital of the duties of an employer and not specific standards to measure an employer's conduct. Therefore, it urges that this statute does not meet the requirements of § 81-1310 (d) for imposition of the penalty, citing *Ryan* v.

*Napa et al*, supra, in support of its position. There the court of appeals noted that the claimant cited no specific safety statute or official regulation as being violated except § 81-108 (a). Furthermore, the statute is not a part of the Workers' Compensation Law and is phrased only in general terms. However, the commission had permitted and considered evidence of an alleged violation of this statute. The court of appeals affirmed on the basis that the rejection of the claim by the commission was supported by substantial evidence. Here the court of appeals held, in construing *Ryan* v. *Napa et al*, supra, that § 81-1310 (d) does not require "that the violated statute or regulation be a part of the Workers' Compensation Act ..." Suffice it to say, we think the court of appeals was correct in relying upon our decision in *Harber et al* v. *Shows et al*, 262 Ark. 161, 553 S.W. 2d 282 (1977), as being controlling here. There the commission did not rule on an asserted violation of § 81-108, basing its decision instead on a violation of certain federal regulations. We held the latter inapplicable. There, as here, the claimant unsuccessfully tried to offer proof "that the employer had failed to provide a safe place to work in violation of § 81-108 (Repl. 1960)." We remanded the case to the commission for a rehearing to permit this proof. Thus, in effect, we held that a violation of that statute, upon the required proof, would support a penalty under § 81-1310 (d). Consequently, we agree with the court of appeals that the respondent, upon remand, should be allowed to present evidence on the asserted violation of this statute.

We also agree with the court of appeals that the commission did not err in its finding that the claimant did not sustain any disability to the body as a whole. Dr. Hartmann, who treated the claimant in the hospital, found no impairment to the body as a whole, although Dr. Lester found 5-10% impairment. There was testimony by two of respondent's fellow workers that, after he returned to work, he gave no indication of any back problems nor did he complain of any that would indicate any disability during the two years subsequent to the accident. He voiced no complaint and this work performance appeared to be the same after the accident as it was before. It is for the commission to determine where the preponderance of the

evidence lies; however, upon appellate review, we consider the evidence in the light most favorable to the commissions' decision and uphold that decision if supported by substantial evidence. *Buckeye Cotton Oil* v. *McCoy*, 272 Ark. 272, 613 S.W. 2d 590 (1981). Here there is ample evidence to uphold the commission's finding of the disability issue.

It is next argued that the commission erred in finding the petitioner was not liable for additional medical expenses. The evidence shows respondent received medical treatment by Dr. Hartmann until he returned to work. Subsequently, he sought treatment from Dr. Lester on his own without the knowledge or permission of the employer. Neither did he petition the commission for a change in physicians as required by Rule 21 of the commission, which rule allows a claimant to change treating physicians if certain requirements are met. Therefore, we agree with the court of appeals that the commission was correct in its holding such treatment was unauthorized and therefore not the liability of respondents.

Affirmed.

DUDLEY, J., not participating.