CITY OF HUMPHREY et al *v.* Charles WOODWARD

CA 81-315                                    628 S.W. 2d 574

Court of Appeals of Arkansas
Opinion delivered February 3, 1982
[Supplemental Opinion on Denial of Rehearing March 17, 1982.]

*Jerry G. James,* Ark. Insurance Dept., for appellants.

*J. R. Buzbee,* of *Givens & Buzbee,* for appellee.

TOM GLAZE, Judge. This is a Workers' Compensation case wherein (1) appellant contends the Commission erred in finding appellant controverted disability benefits, and (2) appellee contends, on cross-appeal, the Commission erred in not finding appellee permanently totally disabled.

Concerning appellee's argument on cross-appeal, we believe this court's holding in *Sunbeam Corp.* v. *Bates,* 271 Ark. 385, 609 S.W. 2d 102 (Ark. App. 1980), is dispositive of the issue raised by appellee here. In *Sunbeam,* we held the claimant was entitled to benefits "so long as he remains totally disabled." In the instant case, the Commission, based on substantial medical evidence, found appellee "currently totally disabled" and awarded him benefits indefinitely. The medical testimony obviously was conflicting on whether appellee was either permanently partially or totally disabled or currently totally disabled. We have held that the resolution of such a conflict is a question of fact for the Commission. *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 44, 612 S.W. 2d 333 (1981).

It is settled law that we must affirm if we find any substantial evidence to support the Commission's ruling. *Jones* v. *Scheduled Skyways, Inc., supra.* A review of the record reflects the evidence is more than sufficient to support the "limited or restricted" total disability finding and award made by the Commission. Therefore, in accordance with our decision in *Sunbeam* and the rules on review to which we are bound, we find no merit in the argument urged by appellee in his cross-appeal.

Next, we consider appellant's contention that it never controverted any disability benefits awarded by the Commission over a 30% anatomical rating. Appellant argues: (1) that it agreed to pay appellee permanent partial disability equivalent to 30% to the body as a whole, which represents the highest anatomical rating received by appellant; and (2) that it was entitled to have a complete vocational rehabilitation evaluation performed on appellee before any hearings were conducted on the issue of permanent total or partial disability.

At oral argument, appellant studiously and correctly recognized that the progress of the instant case also tracked the development of law in the Workers' Compensation field as it pertained to vocational rehabilitation and total disability awards. No doubt, this period of development of law regarding rehabilitation and total disability benefits made it difficult for appellant to decide how to proceed in the payment of benefits to the appellee. For instance, now when we speak of total disability, such benefits may be denominated further in terms of "current" total, "limited" total or total disability benefits "until such time as total disability ceases." See *Sunbeam Corp.* v. *Bates, supra.* Obviously, in making such an award, the Commission remains hopeful that the claimant's disability is not permanent and that he will eventually return to work.

Vocational rehabilitation is another area in workers' compensation cases which has changed. Although the Commission's own decisions, cited by appellant, indicate the Commission decided it had a duty to direct a full investigation into the vocational rehabilitation of a claimant, the Arkansas General Assembly, in 1979, restricted or limited such an investigation or inquiry if the claimant so chose.[1] To this effect, the Arkansas General Assembly passed Act 253 of 1979, compiled as Ark. Stat. Ann. § 81-1310 (f) (Supp. 1979), which provides:

> (f) Rehabilitation. . . . The employee shall not be required to enter any program of vocational rehabilitation against his consent. A request for such program, if elected by the claimant, must be filed with the Commission prior to a determination of the amount of permanent disability benefits payable to such employee.

Subsequent to the passage of Act 253 of 1979, our court decided the case of *Hunter Wasson Pulpwood* v. *Banks,* 270 Ark. 404, 605 S.W. 2d 753 (Ark. App. 1980). In *Banks,* the employer and its insurance carrier argued the Commission

---

[1]Appellant cites two cases decided by the Commission in 1978 and 1979 which reflect the Commission's interest to actively pursue the question of rehabilitation in certain cases. Although these opinions are not binding on this court in this appeal, these cases do provide an interesting background history to the enactment of Act 253 of 1979.

erred in finding total disability without the benefit of the rehabilitation evaluation evidence. As is true in the facts at bar, the claimant in *Banks* initially agreed to an evaluation or rehabilitation but later concluded the pain due to his injury precluded such participation. Our court affirmed the Commission's finding that the claimant was totally and permanently disabled even though the rehabilitation evaluation was never provided as requested by the employer.

The record before us reflects that appellant at no time agreed to pay permanent partial benefits which would exceed a 30% anatomical rating. Yet, the Commission awarded appellee current total benefits or, in other words, an award which will not cease until some undetermined time in the future. Based on the 30% rating, appellee was only assured of receiving weekly benefits for approximately two and one half years.[2]

In accordance with our holding in *Hunter Wasson Pulpwood* v. *Banks, supra,* appellee was entitled to reject an evaluation or rehabilitation and to pursue a hearing on whether he was permanently and totally disabled. Although the Commission disagreed with appellee's claim for permanent total benefits, it did find that he is totally disabled at this time, a finding the Commission was authorized to make under *Sunbeam Corp.* v. *Bates, supra,* if substantial evidence was in the record to support it. Dr. C. Winston Brown reported that he believed appellee "presently" was totally disabled, and Dr. Stephen D. Holt stated appellee was a significantly impaired man with a very poor prognosis of returning to work.

We believe there is substantial evidence to support the current total disability benefits awarded appellee as well as to support the Commission's finding against appellant on the controversion issue. We affirm.

Affirmed.

MAYFIELD, C.J., and COOPER, J., dissent.

---

[2]Under the 30% rating, appellee would have received benefits until July 25, 1981.

Supplemental Opinion on Denial of Rehearing
delivered March 17, 1982

PER CURIAM. Appellant's motion for rehearing is denied. In our decision, among other things, we concluded appellee was entitled to reject an evaluation. *Hunter Wasson Pulpwood* v. *Banks,* 270 Ark. 404, 605 S.W. 2d 753 (Ark. App. 1980). On this point, we would add simply that our holding in this case is limited to the facts presented which we find are comparable to those found in *Banks.*