BEMBERG IRON WORKS and
THE HOME INSURANCE COMPANY
*v.* John H. MARTIN

CA 83-459                                          671 S.W.2d 768

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Tom Forest Lovett, P.A.,* for appellant.

*Richard J. Orintas,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a decision of the Workers' Compensation Commission which held that: (1) appellee is currently totally disabled; (2) appellants controverted payment of all benefits after June 3, 1981; (3) the accident in which appellee was injured, when his work basket fell twenty-five feet from a crane to the ground, resulted from improper safety measures. We find substantial evidence to support the Commission's decision and thus affirm.

Appellants contend that appellee's injuries fall within the schedule set forth in Ark. Stat. Ann. § 81-1313(c) (Repl. 1976) and that the Commission's finding of "current" total disability is reversible error. Although they correctly cite *Anchor Constr. Co. v. Rice,* 252 Ark. 460, 479 S.W.2d 573 (1972), for the principle that a scheduled injury cannot be apportioned to the body as a whole in determining the extent of permanent partial disability as distinguished from permanent total disability, appellants ignore a line of cases that began with *McNeely v. Clem Mill & Gin Co.,* 241 Ark. 498, 409 S.W.2d 502 (1966).

In *McNeely,* which involved the same point as the

instant case, the Arkansas Supreme Court upheld a Commission finding of total disability of indeterminable duration. The court observed that "Inasmuch as there was substantial evidence that might have sustained a finding of permanency . . . we fail to see how appellees are hurt by the Commission's deferment of this question until the exact extent of the disability might become clearer."

*McNeely* gave expression to a concept of applied law that remained without a label until *City of Humphrey* v. *Woodward,* 4 Ark. App. 64, 66, 628 S.W.2d 574 (1982), almost 16 years later. In that case, we adopted a phrase used for convenience by the Commission in its opinions and upheld the indefinite benefits of an employee found to be "currently totally disabled." We discussed the development of this area of the law and observed that

> now when we speak of total disability, such benefits may be denominated further in terms of "current" total, "limited" total or total disability benefits "until such time as total disability ceases." . . . Obviously, in making such an award, the Commission remains hopeful that the claimant's disability is not permanent and that he will eventually return to work.

In the instant case, we agree with appellee's argument based upon *McNeely, supra,* and *Taylor* v. *Pfeiffer Plbg. & Htg. Co.,* 8 Ark. App. 144, 648 S.W.2d 526 (1983), that a claimant's benefits for a scheduled injury are not limited to the benefits provided by Ark. Stat. Ann. § 81-1313(c) when the scheduled injury renders the claimant totally disabled. Here, the Commission found that appellee's injuries rendered him totally disabled. The fact that the Commission found the total disability to be "currently" total seems to be no different from the situation in *McNeely.* We fail to see how the appellants are hurt by the possibility that the total disability in the instant case may not last forever.

On appeal, we must affirm if the Commission's finding is supported by substantial evidence; even when a preponderance of the evidence might indicate a contrary result,

we affirm if reasonable minds could reach the Commission's conclusion. *Bearden Lumber Co.* v. *Bond,* 7 Ark. App. 65, 644 S.W.2d 321 (1983). Questions of credibility and the weight and sufficiency of evidence are matters for determination by the Commission. *Central Maloney, Inc.* v. *York,* 10 Ark. App. 254, 663 S.W.2d 196 (1984). The Workers' Compensation Commission is better equipped, by specialization and experience, to analyze and translate evidence into findings of fact than we are. *Central Maloney, Inc.* v. *York, supra.* With these considerations in mind, we find sufficient evidence to support the Commission's finding of current total disability.

In their second point for reversal, appellants insist that the finding by the Commission that all benefits after June 30, 1981, were controverted was not supported by substantial evidence. Appellants maintain that the record reflects no controversion of any benefits other than a reported statement by their lawyer: "[W]e contend the matter is in controversion in this case." This remark, they say, was made in the context of a change of physician hearing and had no reference to a change of benefits.

Controversion is a question of fact for the Commission. *Climer* v. *Drake's Backhoe,* 7 Ark. App. 148, 644 S.W.2d 637 (1983). *See also Revere Copper & Brass, Inc.* v. *Talley,* 7 Ark. App. 234, 647 S.W.2d 477 (1983). The Commission could easily have found substantial evidence of controversion based upon appellants' (1) failure to agree to a change of physician; (2) insistence that appellee's injuries were merely scheduled injuries; (3) denial of the violation of a safety standard; (4) assertion that the Second Injury Fund was a necessary party; (5) claim that appellee was not totally disabled. We find substantial evidence to support the Commission's finding that appellants controverted appellee's claim.

Appellants argue in their third point that the Commission's holding that the accident was the result of improper safety measures was not supported by "clear and convincing evidence." *Ryan* v. *NAPA,* 266 Ark. 802, 586 S.W.2d 6 (1979). Ark. Stat. Ann. § 81-1310(d) (Supp. 1983)

provides that compensation will be increased by 15% when a claimant establishes by "clear and convincing evidence" that his injury was caused in substantial part by the employer's failure to comply with statutes or regulations. Appellants contend that the employer made efforts to see that the safety latch remained on the hook. Three witnesses, however, testified that the hook on the basket had no safety latch as required by Arkansas law. Under this section of the law, the Commission must base its decision of non-compliance upon clear and convincing evidence. Our duty is to affirm the Commission when its decision is supported by substantial evidence. *Georgia Pacific Corp.* v. *Ray*, 273 Ark. 343, 619 S.W.2d 648 (1981); *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (1980). We hold that the Commission's finding on this point was supported by substantial evidence.

Affirmed.

CRACRAFT and CLONINGER, JJ., agree.