Jack M. PITTS *v.* WESTERN ELECTRIC, Employer,
Self-Insured Employer

CA 84-443                          689 S.W.2d 582

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1985

*Williams, Kendall, Schrantz & Wood, P.A.*, by: *Donald B. Kendall*, for appellant.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for appellee.

DONALD L. CORBIN, Judge. Appellant, Jack M. Pitts, was found to be "currently totally disabled" at the time of his hearing before the Administrative Law Judge and was awarded total disability benefits for the duration of his disability. Appellant's attorney was allowed "a controverted attorney's fee on all permanent disability benefits in excess of 43.75 weeks." Appellant's attorney was subsequently allowed a lump sum attorney's fee upon his motion by the ALJ. The employer, Western Electric, appealed to the Full Commission which reversed the lump sum attorney's fee award on the basic premise that "the present value of all future payments under a current total disability award is undeterminable as these benefits, by definition, have no finite ending points. Therefore, a lump-sum attorney's fee cannot be awarded on a current total disability award." We affirm.

Ark. Stat. Ann. § 81-1332.1 (Supp. 1983), which contains the statutory authorization for the award of lump sum attorneys' fees, provides as follows:

> The Workers' Compensation Commission is hereby authorized to approve lump sum attorneys fees for legal services rendered in respect of a claim before the Commission. Such lump sum attorneys fees are allowable notwithstanding that the award of compensation to the injured employee is to be paid on an installment basis. Lump sum attorneys fees, if approved by the Commission, shall be discounted at the rate provided in Ark. Stat. Ann. § 81-1319(k) as that provision may be amended from time to time.

Ark. Stat. Ann. § 81-1319(k) (Supp. 1983) provides as follows:

> Whenever the Commission determines that it is for the best interest of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the

liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at seven (7) percentum discount, compounded annually. The probability of the death of the injured employee or other persons entitled to compensation before the expiration of the period during which they are entitled to compensation shall, in the absence of special circumstances making such course improper, be determined in accordance with the American Experience Table of Mortality. The probability of the happening of any other contingency affecting the amount or duration of compensation shall be disregarded, except the possibility of the remarriage of the widow which shall be determined in accordance with the Danish Annuity and Dutch Remarriage Table.

In *Bemberg Iron Works* v. *Martin*, 12 Ark. App. 128, 671 S.W.2d 768 (1984), we noted that *McNeely* v. *Clem Mill & Gin*, 241 Ark. 498, 409 S.W.2d 502 (1966), gave expression to a concept of applied law that remained without a label until this Court decided *City of Humphrey* v. *Woodward*, 4 Ark. App. 64, 628 S.W.2d 574 (1982), almost 16 years later. In *Bemberg Iron Works, supra*, we reiterated an observation in *City of Humphrey, supra*, that:

now when we speak of total disability, such benefits may be denominated further in terms of 'current' total, 'limited' total or total disability benefits 'until such time as total disability ceases' . . . Obviously, in making such an award, the Commission remains hopeful that the claimant's disability is not permanent and that he will eventually return to work.

In *Aluminum Company of Amer.* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982), we restated the rule enumerated in *U.S.F. & G. Co.* v. *Potter*, 263 Ark. 689, 567 S.W.2d 104 (1978), that attorneys' fees can only be awarded when the statutes specifically authorize them. In the case at bar, the Commission properly concluded that a lump sum attorney's fee could not be awarded on appellant's current total disability award. We might have reached a different result had Ark. Stat. Ann. § 81-1332.1 not been amended by Act 631 of 1981 wherein

the last sentence was added. This requirement in effect restricts an award of a lump sum attorney's fee to an ascertainable award to a claimant. In the instant case, the award is not ascertainable because it is not permanent. Therefore, it is impossible to calculate the award pursuant to the statutes.

In *Littlejohn v. Earle Industries*, 239 Ark. 439, 389 S.W.2d 898 (1965), the Supreme Court held that:

> Thus, our legislature has entrusted to the Commission the right to determine the necessity of a claimant to secure the services of an attorney in order to preserve his benefits. We have indicated that on appeal this court will not interfere with the Commission's determination on the issue of attorneys' fees unless there is an abuse of discretion.

We hold that the Commission did not abuse its discretion in denying the award of a lump sum attorney's fee to appellant.

Affirmed.

COOPER and GLAZE, JJ., agree.