James L. JOHNSON *v.* RESEARCH-COTTRELL, et al.

CA 84-381                                   689 S.W.2d 8

Court of Appeals of Arkansas
En Banc
Opinion delivered May 15, 1985

*Guy Jones, Jr., P.A.*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

LAWSON CLONINGER, Judge. This is an appeal from the Workers' Compensation Commission. Appellant, James L. Johnson, suffered a compensable injury to his back in October of 1980 while working for appellee, Research-Cottrell. One physician assessed his permanent partial disability at five percent (5%) to the body as a whole and another assessed it at ten percent (10%) to the body as a whole.

After a hearing, the Administrative Law Judge found that appellant sustained permanent partial disability in the amount of thirty percent (30%) to the body as a whole. Both sides appealed to the Commission, appellant asking that he be declared permanently and totally disabled, and appellee asking that the rating be reduced to twenty percent (20%) disability. The Commission affirmed the decision of the ALJ and appellant then brought this appeal arguing that the Commission erred in not finding him to be totally disabled. We think the Commission's decision is supported by substantial evidence and we affirm.

At the hearing, the evidence established that appellant is a forty (40) year old man with a high school education whose work experience has been mainly in the construction business. He has not worked since the 1980 injury to his back and he continues to experience a considerable amount of pain when standing, bending and sitting. There was also evidence that appellant was not ready for vocational rehabilitation at the time of the hearing.

Appellant contends that based on this evidence, the Commission should have applied the "odd-lot doctrine" to his case and found that he was totally disabled. The odd-lot doctrine was described by Professor Larson in his treatise *Workmen's Compensation Law* at § 57.51 (1983) as follows:

> 'Total disability' in compensation law is not to be interpreted literally as utter and abject helplessness. Evidence that claimant has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability nor require that it be reduced to partial. The task is to phrase a rule delimiting the amount and character of work a man can be able to do without forfeiting his totally disabled status. The rule followed by most modern courts has been well summarized by Justice Matson of the Minnesota Supreme Court in the following language:
>
>> 'An employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.' [*Lee* v. *Minneapolis St. Ry.*, 230 Minn. 315, 41 N.W.2d 433, 436 (1950).]

Later, in § 57.61, Professor Larson states:

> If the evidence of degree of obvious physical impairment, coupled with other facts such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

Arkansas courts have accepted and applied the odd-lot doctrine. *See, e.g., Arkansas Best Freight System, Inc.* v. *Brooks*, 244 Ark. 191, 424 S.W.2d 377 (1968); *M.M. Cohn Co.* v. *Haile*, 267 Ark. 734, 589 S.W.2d 600 (Ark. App. 1979); *Sunbeam Corporation* v. *Bates*, 271 Ark. 385, 609 S.W.2d 102 (Ark. App. 1980).

The appellant argues that he made out a *prima facie* case for his being totally disabled considering the evidence of his impairment coupled with his age, education and training. Therefore, he contends that the burden of proof was on the appellee to show that some kind of suitable work was available to him and that they did not meet that burden of proof because they presented no evidence at all.

We disagree. In reviewing the evidence on appeal, we must make all reasonable inferences in favor of the Commission's finding and we must affirm if there is any substantial evidence upon which the Commission made its finding. *Smelser* v. *S.H. & J. Drilling Corp.*, 267 Ark. 996, 593 S.W.2d 61 (Ark. App. 1980).

Appellant cites several cases in support of his argument that the Commission should have found him totally disabled. *See, M.M. Cohn, supra*, and *Sunbeam Corp., supra.* In each of these cases, the Court of Appeals affirmed the Commission's award of total disability benefits to the claimants because there was substantial evidence to support the awards. However, none of these cases *require* the Commission to apply the odd-lot doctrine to a certain class of claimants. Instead, they require the Commission merely to *consider* factors other than mere physical disability in making an award of permanent disability. *See also Rapley* v. *Lindsey Const. Co.*, 5 Ark. App. 31, 631 S.W.2d 844 (1982).

In the instant case, we think the Commission must have considered the appellant's age, education, and training in making its award because it found 30% disability when his physicians assessed his physical impairment at only 5-10% disability. It was within the Commission's discretion to weigh the medical testimony and the testimony of the claimant. Here, based on that testimony, the Commission made its determination that appellant did not lose his entire capacity to earn wages as a result of his injury. Therefore, the Commission did not find appellant totally "disabled" as that term is defined in the Workers'

Compensation Act, Ark. Stat. Ann. § 81-1302(e) (1976). We find substantial evidence to support the findings of the Commission.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent. The majority opinion correctly states that the appellant is a forty year old man with a high school education whose work experience has been primarily in the construction industry. The majority concedes that the appellant has considerable pain when "standing, bending and sitting", and recognizes that the appellant is not ready for any type vocational training. Further, the record shows that there are no jobs at the appellee's plant which are available for an individual with the appellant's limitations.

The full Commission adopted the administrative law judge's decision, without making its own findings of fact and law. The administrative law judge found that the appellant was *not* a candidate for vocational rehabilitation, and the Commission affirmed that finding. Thus, the appellant is, according to the evidence, not a candidate for vocational rehabilitation; he is unable to work, and is unable to perform any function, including sitting, bending, or standing, for more than twenty minutes at a time. Obviously the Commission has the responsibility to weigh the evidence, both lay and medical, and to make a determination of the degree of the appellant's disability, but the Commission cannot meet that responsibility by the mere recitation of the appellant's age and educational background. The hard evidence in this record shows that the appellant is permanently and totally disabled. That may not be true, but there is virtually no evidence in this record to contradict such a finding.

I do not agree that there is substantial evidence to support the Commission's decision, and the majority opinion does not mention any such evidence. The majority opinion states that "the Commission must have considered the appellant's age, education, and training in making its award" and seeks to support that statement by the fact that the Commission found the appellant to have permanent disability in excess of his anatomical rating. Surely it is obvious that any claimant who is totally and permanently disabled is also 30% disabled, and, equally obvi-

ously, there would exist abundant evidence to support a finding of 30% disability. This Court does not perform its function of appellate review by merely stating that the Commission must have done its job because it found the appellant to have more disability than reflected in an anatomical rating. This record does not support the Commission's finding of 30% disability, and I dissent because I do not believe that the Commission addressed the appellant's argument that he fit within the "odd-lot" doctrine, for, if it had, a finding of permanent and total disability would have been required, at least on this record.