Don HYMAN v. FARMLAND FEED MILL

CA 87-388                                         748 S.W.2d 151

Court of Appeals of Arkansas
Division II
Opinion delivered April 20, 1988

*Walker and Morris,* by: *Eddie H. Walker, Jr.,* for appellant.

*Bethell, Callaway, Robertson & Beasley,* by: *John R. Beasley,* for appellee.

JAMES R. COOPER, Judge. In a prior proceeding, the appel-

lant in this workers' compensation case was determined to be suffering from a compensable occupational disease, bronchial asthma. On October 25, 1985, a further hearing was held to address the appellant's contention that he was entitled to permanent disability benefits, and, in an opinion dated September 9, 1986, the administrative law judge found the appellant to be permanently and totally disabled, and apportioned fifty percent of his disability to pre-existing asthma and ten percent to his cigarette smoking habit. These findings were adopted by the Workers' Compensation Commission in an opinion filed July 8, 1987. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in apportioning his disability because his asthma was not disabling prior to his employment with the appellee. On cross-appeal, the appellee contends that the Commission's finding of permanent and total disability is not supported by substantial evidence. We affirm.

The record shows that the appellant was employed by the appellee, Farmland Feed Mill, since the mid-1960's. His work brought him into contact with grain dust. There was evidence that the appellant had suffered from bronchial asthma prior to his employment with the appellee, and that he had smoked cigarettes for twenty-eight years before discontinuing the habit, on the advice of his physician, in March 1981. The appellant's treating physician, Dr. Stewart, opined that the appellant was 100% disabled for work in a very dusty environment such as the feed mill, 80% to 100% disabled for physically active work involving changes in temperature or humidity, and 30% to 40% disabled for extremely sedentary jobs. The appellant was also examined by Dr. Nichols, who attributed 50% of his impairment to pre-existing asthma, 40% to his work environment, and 10% to his cigarette smoking habit.

The appellant argues that the Commission erred in apportioning his disability because his pre-existing asthma was not disabling prior to his employment with Farmland Feed Mill. The apportionment rule applicable to occupational diseases is set out in Ark. Stat. Ann. § 81-1314(a)(3) (Repl. 1977) [Ark. Code Ann. § 11-9-601(c) (1987)]:

Where an occupational disease is aggravated by any other

disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated or in any wise contributed to by an occupational disease, the compensation payable shall be reduced and limited to such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bears to all the causes of such disability or death. . . .

We do not agree with the appellant's contention that apportionment was improper because his asthma was not disabling prior to his employment with the appellee. The noncompensable disease or infirmity need not be independently producing disability before and after the development of the occupational disease in order for it to be apportionable under Ark. Stat. Ann. § 81-1314(a)(3). *Jenkins* v. *Halstead Industries*, 17 Ark. App. 197, 706 S.W.2d 191 (1986). Nor do we think that any valid distinction may be drawn between *Jenkins* and the case at bar based on the fact that Jenkins's non-compensable breathing impairment was caused by cigarette smoking, and the appellant's was allegedly the result of a genetic predisposition. The appellant testified that he suffered from asthma prior to his employment with the appellee. We think that the record contains substantial evidence to support the Commission's finding that the appellant's occupational disease was contributed to by a non-compensable disease or infirmity, and hold that apportionment was proper.

We next address the appellee's contention, advanced on cross-appeal, that the Commission erred in finding the appellant to be permanently and totally disabled. The appellee argues that the appellant should not be considered permanently and totally disabled because his asthma attacks are episodic rather than continuous, and that the Commission erred in finding that the appellant fell into the odd lot category of workers. We disagree. "Total disability" does not require a finding that the employee is utterly helpless, and an employee who is injured to the extent that he can perform only services that are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist may be classified as totally disabled. *Johnson* v. *Research-Cottrell*, 15 Ark. App. 48, 689 S.W.2d 8 (1985). Moreover,

[i]f the evidence of degree of obvious physical impairment, coupled with other facts such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

*Id.* (quoting A. Larson, *Workmen's Compensation Law* § 57.61 (1983)).

The appellee contends that substantial evidence does not support the Commission's finding that the appellant falls into the odd-lot category of workers. In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings, and we must affirm if there is any substantial evidence to support them. *Central Maloney, Inc. v. York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). Even if the Commission's findings appear to be against the preponderance of the evidence, we will affirm if reasonable minds could reach the conclusion arrived at by the Commission. *Barrett v. Arkansas Rehabilitation Services*, 10 Ark. App. 102, 661 S.W.2d 439 (1983). We will reverse the decision of the Commission only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Snow v. Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985). Although, as the appellee correctly states, there was evidence that the appellant regularly engaged in square-dancing, we do not agree that this fact alone should preclude a finding that he falls into the odd-lot category. The Commission may consider the claimant's age, education, and training in determining whether he falls into the odd-lot category, *see Johnson v. Research-Cottrell, supra,* and here there was evidence that the appellant was a fifty-one year old high school dropout, skilled only as a maintenance mechanic. Moreover, there was evidence that the appellant was required to take daily medication which made him drowsy and rendered it dangerous for him to operate vehicles or machinery. Given this evidence, we cannot say that reasonable minds could not conclude that the appellant fell within the odd-lot category, and we hold that the Commission's finding of permanent and total disability was supported by substantial evidence.

68

Affirmed.

COULSON and MAYFIELD, JJ., agree.