JOHNSON CONSTRUCTION CO. and TRI-STATE INSURANCE CO. *v.* Mack NOBLE

74-328                                          521 S.W. 2d 63

Opinion delivered April 7, 1975

*Shackleford, Shackleford & Phillips*, for appellants.

*Switzer & Switzer*, for appellee.

J. FRED JONES, Justice. This is a workmen's compensation case in which Mack Noble, a 58 year old ironworker, sustained an injury to one leg below the knee while in the course of his employment by Johnson Construction Company. The injury resulted in a 30% loss of use of the leg below the knee and Mr. Noble was paid workmen's compensation benefits based on that loss. He subsequently filed claim for additional compensation and the Commission awarded benefits for permanent total disability. The circuit court affirmed the Commission and the question before us on appeal, as relied on by the appellants, is whether there was any substantial evidence to sustain the award of permanent total disability.

The claimant testified that when he stands on his feet for more than an hour, the pain in his injured leg increases and his foot swells. He said it is then necessary for him to lie down and elevate his foot. He testified that he had been a journeyman ironworker since 1953 and prior to that he worked as a carpenter. He said he has no education; that he had nothing wrong with him prior to his accident, and that he knows of no remunerative employment he can now engage in because of his injured leg. He testified that he had not attempted to find work because he knows of nothing he would be able to do; that he is currently drawing $254.10 per month in Social Security benefit payments and has not applied for rehabilitation or retraining of any type.

Mr. Charles Trantham, an ironworker foreman, testified that he had been an ironworker for 22 years. He testified as to various physical requirements demanded of a journeyman ironworker and testified that as an ironworker foreman, he would not employ or approve Mr. Noble for employment because of his physican condition.

Dr. Dean C. Andrew testified that even though Mr. Noble could not return to his prior employment, he did have transferable skills and there were jobs available in south Arkansas which Mr. Noble could perform. Dr. Andrew said, however, that Mr. Noble's educational limitations, together with his physical limitations, might functionally preclude him from obtaining employment. He mentioned such jobs available in Mr. Noble's home county of Ashley as night watchman or guard.

Dr. E. R. Hartmann testified that Mr. Noble had a 30% disability to the leg below the knee based on joint stiffness of the right foot and ankle. He testified that the condition of the claimant's foot was inconsistent with work requiring walking, squatting or walking on rough or uneven ground. He said Mr. Noble would have difficulty with eight hours of weight bearing on his foot. He said he felt that Mr. Noble could perform such jobs as working around a table on even or smooth surfaces and such jobs as night watchman in a building, or where his walking would be on smooth surfaces.

The appellants cite *Ray* v. *Shelnutt Nursing Home,* 246 Ark. 575, 439 S.W. 2d 41, in support of their contention that there is no substantial evidence to support the Commission's finding of permanent total disability. We are of the opinion, however, that the evidence in the case at bar places it more in the category of *Wilson & Co.* v. *Christman,* 244 Ark. 132, 424 S.W. 2d 863, rather than the *Shelnutt Nursing Home* case.

The appellants cite *McNeely* v. *Clem Mill & Gin Co.,* 241 Ark. 498, 409 S.W. 2d 502, where we first held that benefits for scheduled injuries under Ark. Stat. Ann. § 81-1313 (c) (Repl. 1960) are not limited to the schedule when the scheduled injury *renders the claimant totally disabled.* The appellants then cite *Anchor Const. Co.* v. *Rice,* 252 Ark. 460, 479 S.W. 2d 573, wherein we held that where the injury is to a scheduled member, the Commission cannot award disability benefits greater than the rating for permanent partial physical imparimnet provided in the schedule *unless the disability is permanent and total.* The appellants then state, in connection with the case at bar, as follows:

"As the only rating of permanent partial physical impairment is Dr. Hartmann's evaluation of thirty percent to the leg below the knee, the Workmen's Compensation Commission was put in the awkward position of either finding that the appellee had a disability of thirty percent to the leg below the knee or that he is permanently and totally disabled. The Commission, with Commissioner Cross dissenting, adopted the latter finding."

The appellants then argue that:

"It is obvious that the appellee is not permanently and totally disabled and in so finding the majority of the Commission was simply attemtping to avoid the harsh results of the holding in the Anchor Construction Company case, supra. In this regard, the appellants respectfully suggest to this Court that perhaps the Anchor Construction Company case, supra, should be re-examined."

The appellants then earnestly urge that we re-examine our holding in *Anchor Const. Co.* v. *Rice, supra,* but in presenting their argument that we do so, the appellants practically adopt the same reasoning and argument presented in the dissenting opinion to *Anchor Const. Co.* v. *Rice.* This court has already had an opportunity to re-examine the decision in *Anchor Const. Co.* v. *Rice, supra,* and has failed to reverse or modify the opinion in that case. We have reaffirmed our holding in *Anchor* in the cases of *Meadowlake Nursing Home* v. *Sullivan,* 253 Ark. 403, 486 S.W. 2d 82, and *Cooper Ind Products* v. *Worth,* 256 Ark. 394, 508 S.W. 2d 59 (1974). The *McNeely* and *Meadowlake* cases may be distinguishable to some degree from *Anchor* in that in *McNeely* the award of total disability was not *stated to be permanent;* and in *Meadowlake* the injury was to the head of the femur requiring the installation of a prosthesis in the hip joint and thus, perhaps, distinguishable as affecting the body as a whole rather than being confined strictly to the scheduled injury to the leg. The *Cooper* case, however, was not thus distinguishable.

In *Cooper Ind Products* v. *Worth, supra,* the question was squarely presented as to whether an injury to the right knee

rendered the claimant permanently and totally disabled. In that case by majority opinion we again reaffirmed our holding in the *Achor Const. Co.* case and citing *Meadowlake Nursing Home* v. *Sullivan*, we applied Ark. Stat. Ann. § 81-1313 (a) (Repl. 1960) notwithstanding the provisions of subsection (c) and affirmed the Commission's award of permanent and total disability. The dissenting opinion in the *Cooper* case leaves no doubt that *Anchor* has been re-examined by this court and that *Anchor* still holds.

We, therefore, agree with the appellee that the *Anchor Const. Co.* case is current Arkansas law and we conclude that if it is to be changed in the foreseeable future, it must be done by legislative act rather than decision of this Court.

The judgment is affirmed.