# M. M. COHN CO. et al *v.* Pauline HAILE

CA 79-59                                     589 S.W. 2d 600

Opinion delivered November 7, 1979
Released for publication November 28, 1979

*Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellants.

*Pickens, Boyce, McLarty & Watson*, by: *James McLarty*, for appellee.

DAVID NEWBERN, Judge. In this workers' compensation case the appellants ask us to reverse the award to the claimant because it is not supported by substantial evidence. The

primary assertions of the appellants are (1) that the medical testimony proves the claimant's functional disability is no more than 20%, and (2) the claimant has chosen to withdrawn from the labor market because she has reached retirement age and is eligible for social security benefits.

The claimant was 62 years old when she fell as the result of slipping on an oily substance on the floor while she was at work as a salesperson for M. M. Cohn. Her shoulder was fractured, and after a long period of treatment, including surgery, one physician concluded her shoulder sustained functional disability of 10% and her right upper body was disabled 10%. Another doctor concluded she had a permanent partial impairment of 20% to the right upper extremity as a result of the injury, and that she would be unable to lift anything over head with that extremity "for a period of time" and "probably should not lift any weights over ten pounds with this extremity." He also recommended that if she performed limited work, she "might be allowed to sit for a period of time" in the event she developed pain on her right side.

The claimant consulted a vocational psychologist who concluded:

"I . . . feel that due to her age [64 at the time of his evaluation] and disabilities, that it will be very difficult for her to locate competitive employment and while she states a strong desire to be suitably employed and to return to her former activites, my suggestions for this lady would be retirement."

The claimant was also evaluated by a clinic psychologist whose deferred diagnosis of her was "psychoneurosis with depression." He found she did not have an interest in going back to productive work and that in his opinion "she probably would manifest stress-related difficulties if she were involved in full-time work." His conclusions also included the following:

This psychologist is of the opinion that the probability of Mrs. Haile going back to some productive work is very small. I do not feel that she is capable of full time

employment given her age and physical problems. If she were younger in age and had the use of her arm, she could be expected to succeed in a rehabilitation program and secure employment suited to her abilities. Should her injury not [have] occurred, Mrs. Haile would have had numerous occupations from which to choose: . . .

We hold there is substantial evidence this claimant is totally disabled. The Arkansas Supreme Court long ago departed from the restrictive view that only anatomical or functional disability could be considered in determining disability to the body as a whole. The departure came in *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961), and since that case was decided we have been among the great majority of jurisdictions which allow consideration of several factors in determining not just functional bodily limitations, but loss of earning capacity as a predicate for workers' compensation. See, Wright, *Compensation for Loss of Earning Capacity*, 18 *Ark. L. Rev.* 269 (1965), and 2 Larson, *Workmen's Compensation Law*, §§ 57.51 and 57.61 (1976). Professor Larson suggests the principle and the factors as follows:

If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. [2 Larson, *supra*, § 57.61, pp. 10-136 and 10-137]

The odd lot doctrine refers to employees who are able to work only a small amount. The fact they can work some does not preclude them from being considered totally disabled if their overall job prospects are negligible. 2 Larson, *supra*, § 57-51, pp. 10-107, *et seq.*

In *Arkansas Best Freight Sys., Inc.* v. *Brooks*, 244 Ark. 191, 424 S.W. 2d 377 (1968), the Supreme Court sustained an award of compensation for total disability despite medical

evidence the claimant was only functionally disabled to the extent of 50%. The court said:

> "Loss of the use of the body as a whole" involves two factors. The first is the functional or anatomical loss. That percentage is fixed by medical evidence. Secondly, there is the wage-loss factor, that is, the degree to which the injury has affected claimant's ability to earn a livelihood . . . [T]he second element is to be determined by the Commission, based on medical evidence, age, education, experience and other matters reasonably expected to affect the earning power. [244 Ark. at 193]

In *Johnson County* v. *Timmons*, 249 Ark. 1106, 463 S.W. 2d 365 (1971), the Supreme Court sustained an award based on a finding of 70% disability to the body as a whole despite medical evidence which supported a finding of 10% functional disability. The claimant was 64 years old. The Court said:

> "Apparently the Commission was convinced that because of his age, limited education, lack of training, and physical disability, job opportunities for the claimant will now be scarce; and that he will never be in a position to earn a wage approaching more than thirty per cent of his prior average wage rate. There was substantial evidence to support those conclusions. [249 Ark. at 1110-1111]

The foregoing authorities permit the Commission to consider the age of the claimant and her overall condition and prospects for employment. The testimony of the physicians and the psychologists, when combined with that of the claimant as to her limited education and experience constitutes substantial evidence of her disability. It becomes even more substantial in view of her statement that she had applied to go back to work at Cohn's, but had not been rehired.

Neither *Ark. Stat. Ann.*, § 81-1310(c)(2) (Supp. 1979), which states exceptions to cases in which compensation will be paid, nor any other section we have found makes an

exception excluding compensation to persons who are eligible for or are drawing social security benefits. Apparently no such exception exists in Arkansas or elsewhere. See, Larson, *supra*, § 57.61, n. 25.

Affirmed.

Judge Penix dissents.

MARIAN F. PENIX, Judge, dissenting. I do not believe the record reflects substantial evidence to support the Commission's award. The only medical evidence introduced as to the claimant's percentage of disability was that of two orthopedists. Dr. Blankenship discharged claimant with a finding she had suffered a permanent partial impairment of 20% to her right upper extremity. Dr. Thomas discharged claimant with a rating of 10% permanent partial.

Certainly Mrs. Haile has suffered a compensable injury which has resulted in a permanent disability of 20% to her upper right extremity. But the compensable injury is not the only factor which prevents Mrs. Haile from returning to the job market. It is understandable a 64 year old woman who has worked in jobs which required long hours on her feet, such as sales clerking, is tired. It is also understandable she would not be motivated at this stage in her life to returning to full time employment. There is no doubt the claimant has restricted use of her right shoulder. But these facts standing alone are insufficient to prove total disability. I don't believe the purpose of benefits awarded under the Arkansas Workers' Compensation Law includes the situation we have here. The Workers' Compensation Law should not be expanded into another retirement program. The law was enacted to compensate members of the work force who suffer on-the-job injuries. Mrs. Haile suffered an on-the-job injury. The most medical evidence reflects 20% disability. The Commission's award should be reduced to that amount.

I respectfully dissent.