Virginia LESLIE *v.*
SANYO MANUFACTURING CORPORATION, et al

CA 84-189                                  679 S.W.2d 222

Court of Appeals of Arkansas
Division I
Opinion delivered November 21, 1984

*Youngdahl & Larrison,* by: *James H. Larrison, Jr.,* for appellant.

*Daggett, VanDover, Donovan & Cahoon,* by: *Robert J. Donovan,* for appellees.

TOM GLAZE, Judge. In this Workers' Compensation case, the primary issue is whether the appellant is entitled to receive total disability benefits for a period of time following the end of her healing period and during which she was unable to work because the appellee employer could not provide her a job within the restrictions and limitations placed upon her by her physician. We affirm.

Appellant suffered a compensable injury to her neck on October 17, 1977. She received certain temporary total disability benefits afterwards but part of those was disallowed by the Commission on September 20, 1982, and neither party appealed that determination. Before the Commission's first decision was rendered, appellant entered another healing period, which undisputedly commenced after April 15, 1981, and ended on June 8, 1981. Appellee paid appellant temporary total disability benefits for this new period; no one contests these benefits in this appeal.[1]

In this appeal, appellant contends she is entitled to current total disability benefits between June 8, 1981, and January 3, 1983, the period she was unable to work because her physician had restricted her to lifting not more than twenty-five pounds, and because during this period, appellee had no job for appellant. Appellant also asserts that she sought employment elsewhere without success. She argues that under the circumstances of her case and because she made reasonable efforts to seek other employment during this period, she is entitled to total disability benefits from June 8, 1981, through January 3, 1983, after which a job within her restrictions became available with the appellee.

Appellee argues the appellant offered no evidence that she was "incapacitated" after June 8, 1981, from earning wages in some employment or that her loss of earnings resulted from "incapacity" as required by the statutory definition of disability. In other words, appellee contends the proof shows that appellant's lack of earnings resulted from unavailability of work and not from incapacity to earn. We must agree.

---

[1] Actually, appellee paid these benefits until sometime in August, 1981, after which it terminated payments.

Appellant testified that when her physician released her on June 8, 1981, appellee had nothing for her to do although she contacted appellee several times. She stated that the Employment Security Division could not find her work and when she checked with Wal-Mart, Campbell's Outlet and Air-Therm, those businesses had no jobs and were not accepting applications. In January, 1983, appellant returned to work for appellee, performing work within her twenty-five-pound lifting restriction, but she indicated that she was not sure whether such work was previously available at the appellee's.

Appellant concedes that she does not fall within the odd-lot category. Under the odd-lot doctrine, total disability may be found in the case of workers who, while not altogether incapacitated from work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. In *M. M. Cohn v. Haile*, 267 Ark. 734, 589 S.W.2d 600 (Ark. App. 1979), our Court, quoting from Larson, *Workmen's Compensation Law*, stated:

> If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. [2 Larson. . . § 57.61, pp. 10-136 and 10-137].

Because appellant undisputedly fails to come within the odd-lot category, the burden remains hers to show that she is incapacitated *because of her injury* to earn, in the same or any other employment, the wages she was receiving at the time of the injury. *See* Ark. Stat. Ann. § 81-1302(e) (Repl. 1976); *Cf. Arkansas State Highway Department v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). The Commission, adopting the administrative law judge's opinion, found that appellant was not incapacitated because of injury from earning wages, but rather she was merely unable to find employment. In fact, appellant's own testimony indicates, according to the contacts she made with other employers,

that those employers would not have hired her even if she had been free from any physical restrictions. Based upon the record before us, we cannot conclude the Commission erred or that its decision was not based upon substantial evidence. Appellant simply failed to show she is entitled to total disability benefits after June 8, 1981.

In conclusion, we add that the appellant is not precluded from seeking permanent partial disability benefits— a fact acknowledged by the appellee. Apparently, the appellee paid the appellant benefits based upon a ten percent anatomical rating given by her physician; but the record reflects that the Commission has not considered nor has appellant sought any additional permanent partial benefits to which she may be entitled. This decision merely affirms the Commission's holding that the evidence fails to show appellant has any entitlement to *total* disability payments after her healing period.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.