Billy LEWIS *v.* CAMELOT HOTEL and Royal Insurance
Co.

CA 91-47                                            816 S.W.2d 632

Court of Appeals of Arkansas
Division I
Opinion delivered October 9, 1991
[Rehearing denied November 6, 1991.]

*Kaplan, Brewer, Maxey, P.A.*, by: *Silas H. Brewer, Jr.*, for
appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Robert C. Henry III* and *Gary R. Sammons*, for appellee.

JUDITH ROGERS, Judge. Appellant, Billy Lewis, appeals from a two to one decision of the Workers' Compensation Commission denying his claim for permanent total disability benefits. On appeal to this court, appellant urges that he is permanently and totally disabled under the "odd-lot" doctrine, and that the commission's decision to the contrary is not supported by substantial evidence. We agree with appellant's argument; therefore, we reverse and remand.

On March 25, 1988, appellant sustained an admittedly compensable injury when a stack of eight-foot banquet tables collapsed, severely crushing the upper portion of his right leg. Appellant underwent emergency surgery performed by Dr. W. Scott Bowen, who described the injury in his admitting diagnosis as having crushed the upper portion of the tibia, shattering the proximal ⅓ of the shaft, producing a compound fracture, and also involving the knee joint with severe comminution and depression. Dr. Bowen related that the injury was extremely difficult to repair, requiring four and a half hours of surgery with the placement of multiple screws and plate fixation devices. In his early reports, Dr. Bowen warned that appellant's prognosis was fair at best, and the injury would require a long period of rehabilitation of nine months to a year. He also stated that, due to the severity of the injury, he fully anticipated that appellant would develop post-traumatic arthritis, which would in time necessitate a total knee replacement.

By letter of January 16, 1989, Dr. Bowen reported that he had explained to appellant that he would never be able to return to a normal level of function, but that he felt that appellant was doing well considering the nature of his injury. After a year, Dr. Bowen assessed a thirty percent impairment rating. Thereafter, on July 6, 1989, Dr. Bowen again performed surgery on appellant, involving the removal of the hardware and bone grafting, as well as an arthroscopic debridement of the knee. Twenty-one months after the accident, Dr. Bowen released appellant to pursue sedentary employment with the restrictions that he avoid prolonged standing, and that he not be required to do any stooping, squatting, climbing or lifting more than five pounds.

Specifically, it was Dr. Bowen's opinion that appellant could pursue some type of office job or one at a computer terminal. He also believed that a job involving fine manipulation in a factory situation would be appropriate.

At the time of the injury, appellant was fifty-five years of age, and was employed as a banquet manager by appellee, the Camelot Hotel. In this position, which he had held for eight to ten years, appellant was responsible for preparing the facilities of the hotel for guests and parties, which involved physical duties, such as arranging tables and chairs, and moving platforms and risers. To this end, appellant testified that he was required to be on his feet a majority of the time. Appellant also testified that as banquet manager he supervised twenty-two to thirty employees, scheduled their shifts, and did the hiring and firing of employees. The record reflects that, since his graduation from high school, appellant has been employed in related occupations. Appellant testified that he worked as a waiter to the Marion Hotel from 1955 to 1970, and for the last five years there he held the position of assistant head waiter. After the Marion Hotel closed, appellant worked for a year at the Lafayette Hotel as a waiter, and was subsequently employed for several years as a bartender at the Little Rock Club, before being hired by the appellee when it opened in 1973.

Since the injury, appellant testified that he had worked only once as a bartender for his cousin, a caterer, at a Christmas party in 1989. He said that he had more trouble doing the work than he expected, and that after the first hour or two he experienced discomfort, which was eased when the hostess provided a stool for him to sit. The services of Rehabilitation Management, Inc., which provides vocational and rehabilitation consulting, were retained to help appellant locate employment. The rehabilitation specialist met with the appellant at his home and accompanied him on visits to the doctor. There was evidence that the specialist met with appellee's personnel director regarding the possible return of appellant to work within the guidelines established by Dr. Bowen. Appellant said that it had been some time since he had heard from the specialists he had seen regarding a job. Appellant testified that on his own he had applied for positions as a bartender at the Capitol Hotel, and a funeral home driver. He said that he was waiting, but had not again been contacted by his

cousin about work. Appellant further testified that he preferred to go back to his old job, which he felt he could do if he were not required to climb stairs. Appellant also related that he had difficulty in doing chores around the house, and that he could no longer mow the yard or wash the car. He said that he has had to forego taking walks for exercise, as he tires easily.

As a result of the injury, appellee, Royal Insurance Company, provided temporary total disability benefits from the date of the injury until March 25, 1989. Thereafter, permanent partial benefits were provided based on Dr. Bowen's impairment rating of thirty percent to the knee. Temporary total benefits were reinstated on July 6, 1989, after the second operation, and continued until September 1, 1989. Appellant then filed this claim for permanent total disability benefits pursuant to the odd-lot doctrine.

The "odd-lot doctrine" refers to employees who are able to work only a small amount. The fact that they can work some does not preclude them from being considered totally disabled if their overall job prospects are negligible. *M.M. Cohn Co.* v. *Haile*, 267 Ark. 734, 589 S.W.2d 600 (1979). In reference to the odd-lot doctrine, we have recognized that "total disability" does not require a finding that the employee is utterly helpless, and an employee who is injured to the extent that he can perform services that are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist may be classified as totally disabled. *Hyman* v. *Farmland Feed Mill*, 24 Ark. App. 63, 748 S.W.2d 151 (1988). We have also observed:

> If the evidence of degree of obvious physical impairment, coupled with other facts such as the claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

*Johnson* v. *Research-Cottrell*, 15 Ark. App. 48, 50, 689 S.W.2d 8, 9 (1985) (*quoting* A. Larson, *Workmen's Compensation Law* § 57.61 (1983)).

In rejecting appellant's claim, the commission quoted excerpts from appellant's testimony in which he expressed a marked

willingness to work, and eagerness to "try" any job that might be offered. The commission noted that appellant's physician stated that he was capable of performing sedentary work, and concluded that appellant's inability to find a job was not due to his disability, but was attributable to the unavailability of employment. The commission also noted appellant's experience in office work and his past role as a supervisor.

■ On appellate review of workers' compensation cases, the extent of our inquiry is limited to a determination of whether the findings of the commission are supported by substantial evidence. *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). We may reverse the commission's decision only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the commission. *ITT/Higbie Manufacturing* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991). We are so persuaded in this case.

According to the reports generated by the rehabilitation specialist, appellant's optimism was noted, particularly with regard to his desire to return to his former job. However, the specialist did not believe that appellant had accepted the limitations resulting from his injury, and considered that his attitude was unrealistic. As evidenced by these reports, the specialist's efforts were initially focused on identifying a position with the appellee hotel, within the guidelines and restrictions given by Dr. Bowen. In speaking with appellant's supervisor, the specialist learned that as a banquet manager, appellant would spend no more than an hour and a half a day in the office, and that although he was considered a good employee, the supervisor informed her that appellant was less than an adequate administrator and "number cruncher." The specialist spoke with appellee's personnel director and discussed alternative clerical or bookkeeping positions, but the personnel director did not think appellant had the education or training to fill any of these positions. Ultimately, appellee refused to rehire appellant without a 100% release for all work. The specialist's final report indicates a decision to assist appellant in locating other employment. The specialist reported,

however, that appellant's age, his physical limitations and experience only in banquet service, were factors which would limit the availability of jobs for appellant. It does not appear that suitable jobs were located.

As indicated by the lengthy quotation from appellant's testimony in the opinion, we think the commission placed undue emphasis on appellant's eagerness to work. From his testimony, it is clear that appellant said he would try most any job offered to him, even those that did not fall within the restrictions recommended by Dr. Bowen. More importantly, the record reflects that appellant's willingness to work has not translated into opportunity. Indeed, the commission appears to have accepted the fact that there were no jobs available to appellant, but found that, since it was the opinion of Dr. Bowen that appellant could pursue sedentary work, appellant was not totally disabled. We believe this finding was in error. As indicated in the case law, the fact that a claimant is not utterly helpless or can perform some work does not preclude a finding of total disability under the odd-lot doctrine when it is shown that the claimant's future job prospects are negligible. We think the record amply demonstrates that suitable work was not available to appellant due to a combination of his advancing age, his level of education, his limited experience in one area of the job market, and his disability.

Based on the record before us, we hold that there is no substantial evidence to support the commission's decision, and that appellant does fall within the odd-lot category of workers. *See e.g. Sunbeam Corp.* v. *Bates*, 271 Ark. 385, 609 S.W.2d 102 (Ark. App. 1980). Accordingly, we reverse and remand for an award of benefits not inconsistent with this opinion.

Reversed and remanded.

CRACRAFT, C.J., and COOPER, J., agree.