Connie WELLER *v.* DARLING STORE FIXTURES

CA 91-315                                    828 S.W.2d 858

Court of Appeals of Arkansas
Division I
Opinion delivered April 29, 1992

*Branch, Thompson & Philhours, A Professional Association,* by: *Robert F. Thompson,* for appellant.

*Penix, Penix & Lusby,* for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained a back injury arising out of and in the course of her employment with the appellee, Darling Store Fixtures, on February 26, 1987. She was treated by back surgery on April 28, 1987, but with poor results. Subsequently, the appellant filed a claim for benefits asserting that she was totally disabled. After a hearing, the administrative law judge found that the appellant was totally disabled, but nevertheless awarded the appellant only a sum equal to 65% loss of use of the body as a whole after concluding that a portion of the appellant's total disability should be apportioned to her preexisting conditions of diabetes and obesity. On *de novo* review, the Workers' Compensation Commission conceded that the law judge had erroneously applied apportionment to this case, but arrived at the same result reached by the law judge by finding that the appellant had failed to prove by a preponderance of the evidence that she was permanently and totally disabled. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission's decision was contrary to the evidence and erroneously employed a theory of apportionment. We agree, and we reverse.

Only a brief recitation of the facts is necessary for an understanding of the issue presented by the appellant. Prior to her injury, the appellant was obese and had been diagnosed as a diabetic. Neither condition required treatment or caused any disability until after the appellant injured her back at work on February 26, 1987. The appellant submitted to back surgery approximately two months later, but poor results were obtained.

Following surgery, the appellant's diabetes worsened. Further back surgery was suggested, but the surgeon was unwilling to attempt the procedure unless the appellant lost a significant amount of weight. Twice, the appellant attempted liquid diets under medical supervision, but those diets exacerbated her diabetic condition and were discontinued. Subsequently, she attempted a more conventional diet but met with little success.

█ In cases such as the case at bar, where the Commission's denial of relief is based on the claimant's failure to prove entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979). However, no substantial basis for denial of permanent total disability benefits is based on the finding that the appellant's disability has been worsened by her diabetes and obesity, which in turn have been exacerbated by the appellant's failure to follow the various diets prescribed for her. The commission concluded that the appellant's diabetic problems were not casually related to her injury, and that the appellee was not responsible for that portion of the claimant's permanent disability which is casually related to her diabetic condition.

Clearly, there was evidence at the hearing to show that the appellant's diabetic condition had become severe and disabling since her compensable injury. She testified that she experiences dizziness and blackouts, and that she would be unable to hold down a job because of those symptoms.

█ Apparently, the Commission reasoned that the appellant's work-related injury could not be totally disabling because her diabetic condition would prevent her from performing any job regardless of her back problem. We find this reasoning to be fallacious. All of the medical evidence is in agreement in concluding that the appellant is permanently and totally disabled following her back injury, and we find nothing in the record to support the Commission's conclusions that the appellant's disability would be less than total were it not for the flare up of her diabetic condition. On this record, we find no substantial basis for the Commission's conclusion that the appellant failed to prove entitlement, and we reverse.

■ Additionally, we note that the Commission considered the appellant's "lack of motivation to lose weight" as a factor in determining the extent of her disability. Apparently, this is in reference to the appellee's contention at the hearing, based on Ark. Code Ann. § 11-9-512 (1987), that the appellant's failure to lose weight was tantamount to a refusal to submit to surgery. We find that, under the facts of this case, the Commission erred in considering the appellant's failure to lose weight in fixing the amount of compensation. It is clear from the record that the appellant was obese prior to her injury, and that she made three attempts to lose weight upon the advice of a physician who believed that she might benefit from additional surgery but would not perform the procedure unless the appellant lost a substantial amount of weight. Thus, we are not presented with the appellant's refusal to submit to a recommended surgical procedure; the appellant asserts that she is willing to undergo the procedure if the surgeon will perform it, and her willingness to do so is uncontroverted. Instead, the Commission regarded the appellant's failure to lose weight as the equivalent of an unreasonable refusal to submit to surgery. We hold that, under these facts, the Commission erred in so doing. Professor Larson has summarized the law in this area as follows:

> When the treatment prescribed takes the form of exercise or wearing a brace, or undergoing an alcohol detoxification program, obviously there is no element of risk, and unreasonable refusal to follow medical instructions will lead to a loss of benefits for any disability attributable to this refusal. But when the prescribed treatment involves weight reduction, although in principle the cases should be assimilated to the exercise cases, courts have been less stern, perhaps because almost everyone has some personal experience of good-faith but ineffective weight-reduction efforts — and are reluctant to stigmatize these all-too-human failures as "willful refusal."

1 A. Larson, *The Law of Workmen's Compensation* § 13.22(d). In the case at bar, the record is devoid of facts supporting a conclusion that the appellant's weight reduction efforts were not made in good faith, and we hold that the Commission erred in concluding that her failure to lose weight was tantamount to an unreasonable refusal of surgery.

Reversed and remanded.

JENNINGS and ROGERS, JJ., agree.