D. J. MOSER *v.* ARKANSAS LIME COMPANY

CA 92-180 842 S.W.2d 456

Court of Appeals of Arkansas
Division II
Opinion delivered December 9, 1992
[Supplemental Opinion on Denial of Rehearing
February 17, 1993.]

*J. Scott Davidson*, for appellant.

*Friday, Eldredge & Clark*, by: *Chuck Gschwend*, for appellee.

JAMES R. COOPER, Judge. The claimant appeals from the Arkansas Workers' Compensation Commission's holding that he failed to prove by a preponderance of the evidence that he is permanently and totally disabled. The appellant is a 62-year-old laborer with a fifth grade education who sustained a scheduled injury to his right eye. After finding that he suffered a work-related injury, the Commission remanded to the Administrative Law Judge to award benefits. He awarded temporary total disability benefits, and found the appellant to be permanently and totally disabled. The Commission reversed the finding of permanent and total disability, and we reverse that decision.

On August 17, 1988, the appellant was employed by appellee Arkansas Lime Company. He was shoveling lime dust that had settled to the floor from a conveyor belt upon which lime was being grated. Fans were utilized in the work area and apparently blew dust into his eyes. The result was extensive medical treatment, surgery, and a permanent vision loss in excess of 95% to his right eye. A claim for benefits was filed and the Administrative Law Judge found that the appellant did not sustain a work-related injury. The Commission reversed that decision, finding that the appellant had proven by a preponderance of the evidence

that he had sustained a work-related injury and has proven a causal connection between his injury and subsequent eye problems. The case was remanded to the Administrative Law Judge to award benefits. He awarded temporary total disability benefits from August 17, 1988 to January 21, 1989, and found that the appellant was permanently and totally disabled. The appellee did not appeal the finding of compensability, but did appeal the award of benefits to the full Commission which reversed the decision. It limited the award of temporary total benefits to a period from August 18, 1988 to October 31, 1988, and found that the appellant failed to prove that he was permanently and totally disabled.

The Commission found in its opinion that the appellant lost the use of his eye as the result of a compensable injury suffered while working for the respondent on August 17, 1988. The appellee has challenged this finding of fact by arguing in its brief that the appellant's injury was not entirely the result of his work-related injury. However, the appellee has failed to file a cross-appeal, as it was permitted to do under Ark. Code Ann. § 11-9-711(b) (1987), and we will not address its challenge to the Commission's finding of fact. Even were we to consider the appellee's argument, however, we would reach the same conclusion, because our review of the record indicates that there was clearly substantial evidence to support the Commission's finding that the appellant's condition was caused by his work-related injury with no significant aggravation or intervening cause. Given our resolution of this question, the only issue to be decided on this appeal is whether the Commission erred in denying the appellant benefits for permanent and total disability.

In cases such as the case at bar, where the Commission's denial of relief is based on the claimant's failure to prove entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Weller* v. *Darling Store Fixtures*, 38 Ark. App. 95, 828 S.W.2d 858 (1992). The Commission's opinion states:

> Although there is no question that this claimant has lost the use of his right eye, and that he functions in the borderline mentally retarded age, that does not automati-

cally mean that claimant is permanently totally disabled.

The Commission referred to a report by Dr. Capps, the appellant's physician, who addressed only physical impairment, stating that the appellant's loss of vision in one eye affected his fine depth perception, but that his gross depth perception would remain intact and that he was capable of performing jobs similar to the jobs he had held in the past. The Commission concluded, without stating its basis for such conclusion, that "most manual labor jobs do not require fine depth perception." The only other stated basis for the Commission's denial of relief was the alleged lack of effort the appellant showed in finding a new job. The commission stated that the appellant's "lack of interest and negative attitude is an impediment to the Commission's full assessment of the claimant's loss and is a factor to be considered."

The appellant is 62 years old, has a fifth grade education, and has always had jobs involving manual labor. He now has a permanent vision loss of 95 % to his right eye which was caused by a work-related injury. He testified that he did not think he could return to his job because he could not see; that any of his previous jobs would be difficult to perform due to exposure to the sun which caused pain in his eye and ear leading to headaches; that he is unable to drive, hunt, fish, or mow the yard as he used to do; and that due to the added strain to see, he now tires easily. Imogene Burris, a woman who lives in the appellant's home, testified that the appellant continues to have medical treatment and she drives him; that he is negatively affected by heat; that he cannot even groom himself; and that, before the injury, he was an active person and hard worker.

Though not noted in the opinion, the Commission's factual finding that the appellant is borderline mentally retarded is supported by a report by Dr. James Chaney, a psychologist, who examined the appellant and found him to be mentally retarded and functionally illiterate. He noted that "because of his mental retardation, his lack of educational achievement, his ocular difficulties, and his advanced vocational age, he appears to be 100 % disabled from a vocational standpoint . . . ." Dr. Chaney's report is the only evidence in the record bearing on wage-loss factors.

The appellee argues that these factors do not include any

opinion by a medical doctor placing any physical restrictions on the appellant, or stating that he could not perform any of the jobs he held in the past; however, when wage loss benefits (permanent and total disability) are at issue, not only should the medical evidence, i.e., the impairment rating, be considered, but also the claimant's "age, education, experience, and other matters affecting wage loss." *Glass* v. *Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961). Arkansas Code Annotated § 11-9-522 (1987) provides in pertinent part:

> (b) In considering claims for permanent partial disability benefits in excess of employee's percentage of permanent physical impairment, the commission may take into account in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience and other matters reasonably expected to affect his future earning capacity.

■■ An employee who is injured to the extent that he can perform services that are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist may be classified as totally disabled. *Lewis* v. *Camelot Hotel*, 35 Ark. App. 212, 816 S.W.2d 632 (1991). These employees are said to fall within the odd-lot category of disabled workers. In *Walker Logging* v. *Paschal*, 36 Ark. App. 247, 821 S.W.2d 786 (1992), Professor Larson's treatise was cited as follows:

> If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. [2 Larson, *Workmens' Compensation Law*, § 57-61, pages 10-136 and 10-137.]

> The odd lot doctrine refers to employees who are able to work only a small amount. The fact they can work some does not preclude them from being considered totally disabled if their overall job prospects are negligible. 2 Larson, *supra*, § 57-51, pp. 10-107, *et seq.*

There is no evidence that placement of the appellant in the odd-lot

category was specifically argued to or addressed by the Commission, but because of the total and permanent disability claim after the scheduled injury, the appellee was on notice that the odd-lot doctrine was in issue. *See Walker Logging, supra,* 36 Ark. App. at 253.

In *M.M. Cohn* v. *Haile,* 267 Ark. 734, 589 S.W.2d 600 (Ark. App. 1979), the Court cited *Arkansas Best Freight Sys., Inc.* v. *Brooks,* 244 Ark. 191, 424 S.W.2d 377 (1968), where the Supreme Court sustained an award of compensation for total disability despite medical evidence that the claimant was functionally disabled to the extent of 50%.

> Loss of the use of the body as a whole involves two factors. The first is functional or anatomical loss. That percentage is fixed by medical evidence. Secondly, there is the wage-loss factor, that is, the degree to which the injury has affected claimant's ability to earn a livelihood . . . the second element is to be determined by the Commission, based on medical evidence, age, education, experience and other matters reasonably expected to affect the earning power. (Citation omitted.)

Based on the Commission's factual findings of disability and borderline mental retardation along with the undisputed evidence of the appellant's advanced age and lack of education or vocational training, the appellant is *prima facie* within the odd-lot category. Therefore, the burden shifted to the employer to show evidence that suitable work is regularly and continuously available to the appellant. *Walker Logging, supra.* The appellee failed to do so, and therefore we reverse. The case is remanded to the Commission with direction to award total and permanent disability benefits.

Reversed and remanded.

CRACRAFT, C.J., and MAYFIELD, J., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
FEBRUARY 17, 1993
846 S.W.2d 188

113-A

*J. Scott Davidson*, for appellant.

*Charles Gschwend, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellee has petitioned for rehearing of our decision in this case. We deny the appellee's petition, and we issue this supplemental opinion to explain our reasons for doing so.

The appellee contends that our December 9, 1992, opinion was erroneous because, the appellee asserts, we "made a finding of fact that the claimant was within the 'odd lot' category," and that, by permitting the appellant to raise the odd-lot doctrine at the appellate level, we gave the appellees no opportunity to present evidence to satisfy their burden of proof, and thereby denied them due process. We disagree for several reasons.

 While it is true that it is the function of the Commission, and not the appellate courts, to act as fact finder in workers' compensation cases, *see* Ark. Code Ann. § 11-9-711 (1987), it is also true that it is the duty of the appellate court to reverse the Commission's decision when convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Franklin Collier Farms* v. *Chapple*, 18 Ark. App. 200, 712 S.W.2d 334 (1986). The reviewing court must set aside the Commission's decision when it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial; in this context, substantial evidence has been defined as more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). We take this opportunity to clarify our opinion of December 9, 1992, by stating that our decision was not based on a finding that the appellant was within the odd-lot category, but was instead based on our conviction that, on the evidence before the Commission, reasonable men could not conclude that the appellant was not within the odd-lot category of workers.

 Nor do we find merit in the appellees' contention that our application of the odd-lot doctrine on appeal deprived it of an opportunity to present evidence on this issue. It should be noted

that the appellant in this case suffered a scheduled injury. *See* Ark. Code Ann. § 11-9-521(c) (1987). Such injuries differ from unscheduled injuries in that the award for a scheduled injury generally is limited to the benefits provided for that particular scheduled injury. *Rash* v. *Goodyear Tire and Rubber Co.*, 18 Ark. App. 248, 715 S.W.2d 449 (1986). However, as long ago as 1966, the Arkansas Supreme Court held that the benefits for scheduled injuries are not limited to the schedule when the scheduled injury results in permanent total disability. *McNeely* v. *Clem Mill & Gin Co.*, 241 Ark. 498, 409 S.W.2d 502 (1966); *see also Johnson Construction Co.* v. *Noble*, 257 Ark. 957, 521 S.W.2d 63 (1975). Given that, in scheduled injury cases, the nature of the injury is fixed, the finding of permanent and total disability under such circumstances necessarily hinges on factors, such as those described in *Glass* v. *Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961), which bear on the claimant's age, education, experience, and other matters affecting wage loss. For example, in *McNeely, supra*, the discussion is directed at the effect of the scheduled injury in light of circumstances peculiar to the particular claimant, the Court noting that "the award for the loss of one hand is compensation for 150 weeks, despite the fact that such injury might be totally disabling to a musician, a surgeon, or a watchmaker, and not at all disabling to a lawyer, a stockbroker, or an educator." *McNeely, supra*, 241 Ark. at 500.

In 1979, Judge Newbern, writing for the Court of Appeals, quoted with approval Professor Larson's formulation of the odd-lot doctrine and employed the doctrine in determining that a finding of total disability was supported by substantial evidence. *M.M. Cohn Co.* v. *Haile*, 267 Ark. 734, 589 S.W.2d 600 (Ark. App. 1979). As quoted in *Haile, supra*, the odd-lot doctrine provides that:

> If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

*Haile, supra*, 267 Ark. at 736.

■ Given these decisions, we think it clear that, for more than a decade, employers have been on notice that an employee with a scheduled injury who claims to be permanently and totally disabled will necessarily be presenting proof of wage-loss factors such as mental capacity, education, training, or age, and that a sufficient showing by the claimant will require the employer to show that suitable work is available on a regular and continuous basis. Here, the appellee knew that the appellant was making a claim for total and permanent disability prior to the hearing, and as such was on notice that the odd-lot doctrine was at issue. *Walker Logging* v. *Paschel*, 36 Ark. App. 247, 821 S.W.2d 786 (1992).

Petition for rehearing denied.