Teresa King WEBER *v.*
ALL AMERICAN ARKANSAS POLY CORP.

CA 93-750                                                879 S.W.2d 462

Court of Appeals of Arkansas
En Banc
Opinion delivered July 6, 1994

312

*Davidson Law Firm Ltd.*, by: *Clark W. Mason*, for appellant.

*Anderson & Kilpatrick*, by: *Mariam T. Hopkins*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's order affirming and adopting the administrative law judge's opinion. The ALJ found that appellant had failed to prove that her premature labor arose out of and in

the course and scope of her employment with appellee. On appeal, appellant contends that there is no substantial evidence to support the Commission's decision. We disagree and affirm.

The record reveals that appellant was five months pregnant while being employed by appellee in August of 1990. On August 17, 1990, appellant brought $1,000 in cash to work and left it in her purse. While at the office, the money was stolen. She discovered that someone had stolen her money when she had left work to run an errand. Appellant returned to work and reported the theft to her supervisor, John Phillips. Mr. Phillips phoned the police and reported the incident. A temporary employee confessed to the theft, and the money was returned to appellant. The episode, from its inception until the money was returned, lasted approximately thirty to forty-five minutes. According to appellant, she became so hysterical that she began to have contractions. She was hospitalized the same day and released two days later on August 19, 1990. On October 21, 1990, she again suffered pre-term contractions. She subsequently gave birth to a healthy child on November 12, 1990. Appellant filed a claim for temporary total disability benefits and medical costs related to her premature labor. Appellee controverted appellant's claim by arguing that her premature labor was not causally connected to her work as a receptionist.

The Commission determined that appellant had failed to prove the existence of a causal connection between her work and the premature birth of her child. Appellant argues, however, that her injury was compensable under the positional risk doctrine. She contends that, but for the fact that she was required to keep her money in her purse at her desk in an area accessible to other employees, she would not have been the victim of this theft and thus would not have suffered the premature birth of her child.

Although the dissent states that we adopted the doctrine of positional risk in our decision *Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992), aff'd, 313 Ark. 100, 852 S.W.2d 804 (1993), we note that that decision was an affirmance by an evenly divided court and is not entitled to precedential weight. *See France* v. *Nelson*, 292 Ark. 219, 729 S.W.2d 161 (1987). Moreover, the supreme court reviewed and affirmed our decision in that case under a different theory, that of increased

risk. Therefore, we have not adopted the doctrine of positional risk to date. We are reviewing the facts in this case to determine if this presents an appropriate case in which to decide if we are going to adopt the doctrine of positional risk.

■■ An injury is deemed to arise out of the employment under the positional risk doctrine, if it is one that would not have occurred but for the fact that the conditions and obligations of the employment placed the employee in the position where the injury occurred. *Kendrick* v. *Peel, Eddy & Gibbons Law Firm*, 32 Ark. App. 29, 795 S.W.2d 365 (1990). The positional risk doctrine is implicated in circumstances where an employee is injured by a neutral risk to which she is exposed due to the conditions and obligations of her employment. Id. A neutral risk means that the risk which caused the injury was neither personal to the appellant nor distinctly associated with the employment. *Deffenbaugh Industries & Travelers Ins. Co.* v. *Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993).

The record discloses that appellant brought $1,000 to work and kept it in her purse on August 17. Appellant testified that the $1,000.00 was to pay for the birth of her child.

■ Mr. Phillips testified that the $1,000 was not company money. He said that he did not ask appellant to bring the money to the office on the day in question. Mr. Phillips stated that he did not know appellant had brought $1,000.00 to work that day. He said that he discouraged employees from bringing large sums of cash to the office and the plant. He added that he did not encourage anyone to bring any more money than they needed to get through the day. Mr. Phillips also remarked that the temporary employee would have had no reason, business or personal, to be in the office where appellant worked on the day in question.

The record further reveals that the night before the theft, appellant stayed all night at the hospital with her husband. Dr. Stephen R. Marks testified that emotional stress, such as that which might be caused by appellant's husband's illness, could possibly have triggered premature labor.

The Commission found that nothing about appellant's work as a receptionist subjected her to the risk of theft; that the theft

of appellant's money was not the result of a work-related dispute between appellant and the temporary employee; and that appellant's work setting did not expose her to the danger of the theft of her money. The Commission concluded that the positional risk doctrine did not apply to the facts of this case because the risk involved was not neutral but one personal to the appellant.

■■ Where the Commission's denial of relief is based on the claimant's failure to prove entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Moser* v. *Arkansas Lime Co.*, 40 Ark. App. 108, 842 S.W.2d 456 (1992). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993). In conducting our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *CDI Contractors* v. *McHale*, 41 Ark. App. 57, 848 S.W.2d 941 (1993).

After reviewing the record, we cannot say there is no substantial basis for the Commission's denial of benefits. The record indicates that appellant's job as a receptionist did not require her to handle sums of money. Apparently, appellant chose to bring the cash to work and leave it in her purse unattended. Also, the record reveals that employees were instructed not to bring valuables or excess money to work. We cannot disagree with the Commission's conclusion that the risk to which appellant was exposed was personal and thus defeated compensability under the positional risk doctrine.

Although appellant purports to argue the positional risk doctrine, she suggests that the increased risk doctrine also applies. She contends that she was exposed to an increased risk of theft because of her employment setting.

■ Under the doctrine of increased risk, the injuries are compensable if the employment exposed the employee to a greater

degree of risk than other members of the general public in the same vicinity. Under this theory, the claimant must only prove that the conditions of her employment, or the place where her employment required her to be, intensified the risk of injury due to extraordinary natural causes. *Deffenbaugh Industries* v. *Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993).

As noted above, the Commission determined that appellant's work as a receptionist did not increase the risk of theft and that appellant's work setting did not increase the risk of theft of her money. After reviewing the evidence, we cannot disagree with the Commission's determination that appellant's work environment did not increase the risk of theft.

Affirmed.

PITTMAN, J., concurs.

MAYFIELD and COOPER, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, concurring. I fully agree with the majority opinion. However, in light of the position taken by the dissenting judges, I wish to state my further view that the positional risk doctrine is contrary to the provisions of the Arkansas Workers' Compensation Act and has no place in our law. My view on this issue is that as stated in the dissenting opinion of Chief Judge Cracraft in *Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992).

MELVIN MAYFIELD, Judge, dissenting. In this case the Commission adopted and affirmed the decision of the administrative law judge who held that the positional risk doctrine was not applicable under the facts in this case. This court adopted that doctrine in *Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992), where we said:

> We now join those courts which accept the positional risk doctrine to provide compensation for employees who are injured by neutral risks. The question of who should bear the burden of the costs of such an injury is a policy consideration, and use of the positional risk doctrine where the risk is neutral places the risk of loss on the employer, the party most able to sustain such a loss. This, we believe, is in keeping with the spirit of our workers' compensation law.

39 Ark. App. at 30, 832 S.W.2d at 873.

The law judge refused to apply the doctrine to this case based on the finding adopted by the Commission, that the risk in this case was personal to the claimant, and I agree with the appellant that the evidence will not support that finding. Absent some specific evidence to the contrary, I would agree with the following from 1 Larson, *Workmen's Compensation* Law § 11.11(b) at 3-199 to -201 (1993).

> A few other cases have also fallen into this error of insisting that the *subject matter* of the assault or dispute be inherent in the employment, disregarding the risk created by the employment *environment*. An employee may be required to work in a lonely and isolated spot in the small hours of the morning, yet if the robbers happen to take only his purse and nothing belonging to the employer, one or two courts have been able to satisfy themselves that this makes the assault personal and that there is no more to be said. Apart from the initial fallacy of supposing that what the robbers finally steal or do not steal demonstrates the motive of their attack, the greater fallacy is to suppose that there is only one possible way of connecting an attack with the employment — the subject matter of the assault.

> In any case, even if the motive is to get the personal wallet of the victim, most robberies of this kind are not "private" in origin, in the compensation-law sense. There is a marked distinction between the holdup in which the robber says to himself, "I am going to track down Henry Davis wherever he may be and steal the gold watch which I know he has," and the holdup in which the robber says, "I am going to rob whoever happens to be on duty as night watchman at the Consolidated Lumber Company, or whoever happens to come down the dark, hidden path from the factory to the rear gate." The latter is not really personal to the victim at all; he is attacked exclusively in his employment capacity as being the one who occupies the position in relation to that employment which the robber has found to create a favorable opportunity.

There was no specific evidence in this case to overcome the natural and common-sense view taken by Larson. Since appellee's brief admits that appellant's supervisor acknowledged that there was no policy prohibiting employees from bringing sums of cash to work, and because there was no evidence of a business or personal reason for the theft of the appellant's money, I think that the positional risk doctrine should apply here.

The Arkansas Supreme Court reversed our decision in *Deffenbaugh* because it found that our decision should be affirmed for another reason, but it stated that "an appropriate scenario to the positional risk doctrine may eventually arise." *Deffenbaugh Industries* v. *Angus*, 313 Ark. 100, 106, 852 S.W.2d 804, 808 (1993).

I think the appropriate scenario has now arrived and should be applied in this case. Therefore, I dissent from the majority opinion.

COOPER, J., joins this dissent.